**Gary Don HOLLEN, Appellant,**

v.

**The STATE of Texas.**

**No. 1592–02.**

Court of Criminal Appeals of Texas.

Sept. 10, 2003.

Robert Kersey, Granbury, for Appellant.

Matthew Paul, State's Atty., Austin, for State.

### OPINION

KELLER, P.J., delivered the opinion of the Court in which MEYERS, WOMACK, KEASLER, HERVEY, and COCHRAN, JJ., joined.

■ This is a felony DWI (driving while intoxicated) case in which the defendant stipulated to the two prior DWI convic-

tions necessary to establish felony jurisdiction. We granted review to determine whether the State is precluded from informing the jury, during the guilt phase of trial, of the defendant's stipulation. We conclude that the State may so inform the jury.

### 1. Background

Appellant was indicted for felony DWI. The indictment included allegations of two prior DWI convictions.[1] Appellant offered to stipulate to the two prior convictions pursuant to *Tamez v. State*.[2] The State and the trial court agreed, and appellant drafted a stipulation. As a result, the State refrained from introducing at trial any extrinsic evidence of the convictions. However, appellant objected that excluding extrinsic evidence was not enough: he objected to any mention of the prior convictions—including any reference to the stipulation—while the indictment was read, during voir dire, in opening statement, at the evidentiary stage of trial, during closing arguments, and in the jury charge.[3] These objections were all overruled. The indictment allegations regarding the prior convictions were read to the jury. The State referred to the prior convictions briefly in voir dire, opening statement, and closing argument.[4] The written stipulation was admitted into evidence. And the jury charge referred to the prior convictions in its phrasing of the elements of the offense and in giving a limiting instruction.[5]

---

1. The indictment also included an enhancement allegation regarding a prior burglary conviction. The jury was not informed of the burglary conviction at the guilt phase, and the trial court assessed punishment.

2. 11 S.W.3d 198 (Tex.Crim.App.2000).

3. Appellant preserved error at each of these points by objecting on each occasion or obtaining running objections.

4. Each time, the State simply referred to the stipulation of prior convictions as fulfilling a jurisdictional requirement for the offense.

5. Paragraph three of the jury charge contained a limiting instruction, telling the jury not to consider the two priors on the question of whether the defendant was driving while intoxicated on the day designated for the primary offense. Paragraph five included a re-

We note that appellant made no objection to the specific manner in which these prior convictions were mentioned to the jury. That is, he did not object that the stipulation contained too much information, nor did he object to the specific phrasing of the State's references to the stipulation, nor did he object to the specific wording of the indictment or the relevant instructions in the jury charge. His objections were all aimed at the mere reference to the prior convictions. Appellant's complaint was succinctly summarized at the jury charge conference as: "this case should be tried in isolation from the two priors because of our stipulation."

Appellant was convicted. On appeal, he contended that the trial court erred by reading the prior convictions portion of the indictment and by permitting the stipulation of prior convictions to be mentioned at various stages of the trial. The Court of Appeals reversed.[6] Relying upon *Tamez* and *Robles v. State*,[7] the Court of Appeals held that error occurred when the stipulation was admitted into evidence.[8] The court found that the error was harmful because the written stipulation contained more information than the mere existence of the convictions and because "the mere repetition of the fact that the stipulation and prior offenses existed served to focus the jury's attention on Appellant's character for driving while intoxicated, which contradicts the policy of convicting persons for their conduct, not for their criminal natures."[9] Because of its holding regarding the admission of the stipulation into evidence, the Court of Appeals did not address appellant's claim of error with regard to the reading of the indictment or with regard to the mention of the prior convictions at other stages of trial.

### 2. Analysis

To analyze the issue before us, we begin with *Tamez.* In that case, despite the defendant's offer to stipulate to two DWI convictions, an indictment alleging six prior DWI convictions was read to the jury and the judgments in all six were introduced into evidence at trial.[10] In analyzing the defendant's claim of error, we discussed Article 36.01 of the Texas Code of Criminal Procedure and the Supreme Court's case of *Old Chief v. United States*,[11] which analyzed the admissibility of similar evidence under Federal Rule of Evidence 403.[12] We observed that Article 36.01 "suggests by negative implication that the jurisdictional elements *may* be read" from the indictment to the jury.[13] Finding that the statute's language alone did not dispose of the issues, we then examined *Old Chief* and ultimately found that opinion to be persuasive.[14]

As a result of our discussion of Article 36.01 and *Old Chief,* we held that the trial court erred both in its reading of the indictment and in the admission of evidence.[15] In addressing what should have

quirement of proof of two prior convictions in the elements of the offense.

**6.** *Hollen v. State,* 87 S.W.3d 151 (Tex.App.-Fort Worth 2002).

**7.** 85 S.W.3d 211 (Tex.Crim.App.2002).

**8.** *Hollen,* 87 S.W.3d at 155–157.

**9.** *Id.* at 157–158.

**10.** *Tamez,* 11 S.W.3d at 199.

**11.** 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997).

**12.** *Tamez,* 11 S.W.3d at 201–202.

**13.** *Id.* at 201.

**14.** *Id.* at 201–202.

**15.** *Id.* at 202.

happened at trial, we concluded "that the proper balance is struck when the State reads the indictment at the beginning of trial, mentioning only *the two jurisdictional prior convictions,* but is foreclosed from presenting evidence of the convictions during its case-in-chief." [16] We held that, if the defendant offers to stipulate to the two prior convictions necessary to confer jurisdiction, "prior convictions *beyond the two jurisdictional elements* should not be read or proven during the State's case-in-chief." [17] Thus, *Tamez* recognized that the two jurisdictional prior convictions can be included in the reading of the indictment to the jury. What remained unclear was whether those two convictions could be introduced into evidence at the guilt stage of trial.

We addressed that question in *Robles.* In that case, there were only two prior convictions at issue.[18] The defendant offered to stipulate to the two prior convictions and requested that the trial court prevent the State from introducing evidence of those convictions.[19] The trial court denied the request and the defendant pled guilty in lieu of going to trial.[20] In conducting a Rule 403 analysis,[21] we found that the offer to stipulate diminished the probative value of judgments reflecting the prior convictions "because the same information would have been admitted in an alternate form." [22] We found the risk of unfair prejudice to be high "because the judgments contained information that was not relevant in the guilt-innocence phase of trial." [23] This extraneous information consisted of "a notation that it was a DWI-third offense [and] ... the sentences imposed." [24] From this information the jury could have determined that the offense charged was the defendant's "fifth alcohol-related offense" and that the defendant "had not served his full term for the last prior conviction." [25] Under those circumstances, we found that the *judgments* of the prior convictions were inadmissible.[26]

But *Robles* did not address whether the jury may be informed of the stipulation or whether the stipulation itself may be admitted into evidence. Citing *Tamez,* we have reiterated that the two prior convictions are jurisdictional elements that must be proven to obtain a conviction for the offense of felony DWI.[27] And in *dicta,* we have recently indicated that juries should at least hear the stipulation: "The appellant's stipulation would have placed the prior convictions into evidence, making the jury aware of their existence. This would have satisfied the evidentiary requirements regarding stipulations while avoiding the unfair prejudice that would accompany further mention of the convictions." [28]

16. *Id.* (emphasis added).

17. *Id.* at 202–203 (emphasis added).

18. *Robles,* 85 S.W.3d at 213.

19. *Id.* at 212.

20. *Id.*

21. Tex.R. Evid. 403 provides: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence."

22. *Robles,* 85 S.W.3d at 212.

23. *Id.* at 212–213.

24. *Id.* at 213.

25. *Id.*

26. *Id.*

27. *Barfield v. State,* 63 S.W.3d 446, 448 (Tex. Crim.App.2001).

28. *Hernandez v. State,* 109 S.W.3d 491, 495 (Tex.Crim.App.2003).

Thus, this Court's cases already suggest that the jury should be informed of the stipulation, as the two prior convictions are elements of the offense that must be proven to the factfinder—in this case the jury—to establish the offense of felony DWI.

This conclusion is consistent with the Supreme Court's own discussion of the issue in *Old Chief.* In two different places in its opinion, the Court characterized the stipulation as something that would be given to the jury:

> The District Court was also presented with alternative, relevant, *admissible evidence* of the prior conviction by Old Chief's offer to stipulate, evidence necessarily subject to the District Court's consideration on the motion to exclude the record offered by the Government. Although Old Chief's formal offer to stipulate was, strictly, to enter a formal agreement with the Government *to be given to the jury,* even without the Government's acceptance his proposal amounted to an offer to admit that the prior conviction element was satisfied, and a defendant's admission is, of course, good evidence.

> \* \* \*

> The most *the jury needs to know* is that the conviction admitted by the defendant falls within the class of crimes that Congress though should bar a convict from possessing a gun, *and this point may be made readily in a defendant's admis-*

*sion and underscored in the court's jury instructions.*[29]

The Supreme Court's point is that the stipulation *is* evidence, and as such, is received by the jury.

■ From this discussion, we conclude that it was not error to inform the jury of the stipulation. And because the stipulation is a form of evidence, the trial court did not err in "admitting" the stipulation. Since the two prior offenses were validly mentioned in the indictment and validly introduced into evidence via the stipulation, there was likewise no error in the jury instructions, and the prior convictions were the legitimate subject of voir dire, opening statements, and closing arguments.[30]

The judgment of the Court of Appeals is reversed, and the judgment of the trial court is affirmed.[31]

HOLCOMB, J., filed a concurring opinion in which PRICE, and JOHNSON, JJ., joined.

HOLCOMB, J., concurring in which PRICE and JOHNSON, JJ., joined.

I harbor grave concerns that, under the current law, felony DWI defendants will be convicted solely on their prior alcohol related convictions rather than on the offense charged, even when the defendant stipulates to the jurisdictionally required prior convictions. The danger is great, I believe, because the prior convictions the

---

**29.** *Old Chief,* 519 U.S. at 186 & 191, 117 S.Ct. 644 (emphases added).

**30.** We need not consider, in this case, the specific language of the stipulation. Although the Court of Appeals cited additional facts contained in the written stipulation to support its finding of harm, those additional facts were not cited in support of a finding of error. Moreover, appellant did not raise at trial or

on appeal any claim regarding the particular language contained in the stipulation.

**31.** Although the Court of Appeals did not reach appellant's claims regarding the indictment, voir dire, opening statement, closing arguments, and the jury instructions, our discussion has necessarily included those claims. As a result, a remand to address those claims is unnecessary.

State is required to prove are for similar offenses, any of the specified alcohol related offenses. These understandably arouse strong emotions, especially in those whose lives have been touched by preventable alcohol related accidents. However, the State's interest in enhancing to felony range the punishment for those who increase their odds of causing such fatalities by tempting fate behind the wheel must be balanced against the defendant's right to be convicted on evidence beyond a reasonable doubt regarding his commission of the underlying offense of driving while intoxicated at the alleged time and place.

This Court has previously, I believe rightly, held that where a defendant stipulates to the jurisdictional prior convictions, reading or introducing the stipulation to the jury is sufficient to meet the State's burden of proof, making extraneous evidence of the prior convictions, including the judgments, inadmissible under Texas Rule of Evidence 403. *See Robles v. State*, 85 S.W.3d 211 (Tex.Crim.App.2002); *Tamez v. State*, 11 S.W.3d 198 (Tex.Crim.App.2000). The majority opinion, in this case, makes clear that the jury will in some manner be informed of the prior convictions, that some form of proof of those priors will be introduced into evidence, and that the State may comment on the evidence of the priors throughout the trial because, having been introduced, that evidence becomes proper grounds for jury argument.

I write to emphasize what the majority's opinion does not hold. It does not hold that the jury must be informed of the specific nature of the prior offense; Texas Penal Code 49.09 requires only that the priors be among several specified alcohol related offenses which could be innocuously referred to by code section instead of by name. As the majority recognizes, the appellant did not object to the specific wording of the indictment, the stipulation, the State's references to the stipulation, or the instructions in the jury charge.

In the same vein, the majority does not hold that all references to the prior conviction evidence, regardless of context, is proper jury argument. Because proof of the prior convictions will be in evidence, that proof is properly the subject matter for proper jury argument: summation of evidence, reasonable deductions drawn from that evidence, answers to opposing counsel's argument, and a plea for law enforcement. *See Jackson v. State*, 17 S.W.3d 664, 673 (Tex.Crim.App.2000)(four areas of proper jury argument). That does not mean the State can refer to the proof in an inappropriate context, such as suggesting that the jury should find the defendant guilty of the current charge of DWI because he was already found twice guilty of a similar offense, or that the jury should take the prior convictions into account when considering whether there is a reasonable doubt the defendant was intoxicated on the date in question while operating a motor vehicle.

The majority also does not hold that repeated emphasis regarding the prior convictions, when stipulated, could not amount to error although the proof of the priors would generally be proper subject matter for jury argument.

Because the majority opinion does not so hold, there is still room to determine the balance that exists under current law between the State's burden of proof in a felony DWI and the defendant's right to be convicted of the crime charged on proof beyond a reasonable doubt. However, the majority opinion does hold that the allegations of the jurisdictional priors may be read as part of the indictment to the jury at guilt-innocence, that proof of the priors must be admitted into evidence even when the defendant stipulates to them, that the

State may refer to the proof of the prior convictions, and that the jury instructions may instruct the jury on making a finding of the jurisdictional element based on the stipulation. Thus, even if minimized by the holdings of future cases, the risk of a verdict rendered on an improper basis remains. It is inherent in the legislature's method of enhancing the punishment for repeat offenders of certain alcohol related misdemeanor offenses, including drunk driving, to the ranges provided for felonies by creating a felony offense with two prior convictions as elements of the offense. As far as I am aware, this issue has only arisen in the context of felony prosecutions under Texas Penal Code 49.09.

I recognize that within the current criminal justice system of bifurcated trials and various court jurisdictions for misdemeanor and felony offenses the legislature is limited in the methods available to achieve its goal of significantly enhancing punishment for repetition of such alcohol related offenses. However, I would urge the legislature to revise the Penal Code to eliminate the risk of an improper verdict based on prejudice introduced by jurisdictional elements of the offense, and somehow provide, rather, that evidence of the prior convictions be admissible, except for purposes recognized by the Texas Rules of Evidence, only at punishment via an enhancement provision.

Because I believe the majority's limited holding is, regretfully, correct under the current law, I concur in the judgment only.