COURT OF 
APPEALS
SECOND 
DISTRICT OF TEXAS
FORT 
WORTH


NO. 
2-03-175-CR


TIMOTHY SPENCER                                                               APPELLANT
 
V.
 
THE STATE OF TEXAS                                                                  STATE
 
------------
 
FROM THE 16TH DISTRICT COURT OF 
DENTON COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
Timothy Spencer was indicted for the offense of felony driving while intoxicated 
(“DWI”). Prior to trial he filed a stipulation wherein he stipulated to two 
previous DWI convictions alleged in the indictment. Appellant additionally 
sought a ruling from the trial court prohibiting the State from reading to the 
jury those parts of the indictment alleging his prior convictions. After 
considering argument from the parties, the trial court ruled that Appellant’s 
stipulation would be admitted into evidence but not disclosed to the jury during 
the State’s case-in-chief, and that the State would be permitted to read 
before the jury those parts of the indictment alleging Appellant’s prior DWI 
convictions.
        At 
the beginning of Appellant’s trial, and in the presence of the jury, the State 
of Texas, over Appellant’s objection, read the full text of the indictment, 
including its allegations that Appellant had twice before been convicted of DWI. 
Appellant was convicted and sentenced to three years’ confinement with no 
monetary fine. This appeal ensued.
        In 
Appellant’s sole issue, he argues that the trial court erred in allowing the 
State to read those parts of the indictment containing his two prior misdemeanor 
convictions for DWI because he stipulated to the prior convictions for both 
jurisdictional and evidentiary purposes.
        The 
recent court of criminal appeals decision in Hollen v. State disposes of 
Appellant’s claim. 117 S.W.3d 798 (Tex. Crim. App. 2003). In Hollen, 
the appellant’s indictment for felony DWI included allegations of two prior 
DWI convictions. Id. at 799. As with the case at hand, Hollen stipulated 
to the two prior convictions, and the indictment, including the two prior 
conviction allegations, was read to the jury. Id. Hollen argued that the 
trial court erred by reading the prior-convictions portion of the indictment to 
the jury. Id. at 800.
        The 
court of criminal appeals held that it was not error to inform the jury of 
Hollen's stipulation and that the prior convictions were validly mentioned in 
the reading of the indictment. Id. at 802. The court also concluded that 
the prior convictions were the legitimate subject of voir dire, opening 
statements, and closing arguments. Id. In reaching its decision, the 
court of criminal appeals recognized that when a defendant agrees to stipulate 
to prior convictions that constitute jurisdictional elements of the charged 
offense, the jury should be informed of the stipulation. Id. Thus, in 
this case, the State was permitted to read the indictment—including the 
portion that contained allegations of Appellant’s prior DWI convictions.
        We 
therefore overrule Appellant’s sole issue and affirm the trial court’s 
judgment.
 
                                                                  DIXON 
W. HOLMAN
                                                                  JUSTICE

PANEL B:   DAUPHINOT 
and HOLMAN, JJ.; and SAM J. DAY, J. (Retired, Sitting by Assignment).

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: January 15, 2004
 

 
NOTES

1. 
See Tex. R. App. P. 47.4.