SPENCER V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-175-CR

TIMOTHY SPENCER APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 16TH DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Timothy Spencer was indicted for the offense of felony driving while intoxicated (“DWI”).  Prior to trial he filed a stipulation wherein he stipulated to two previous DWI convictions alleged in the indictment.  Appellant additionally sought a ruling from the trial court prohibiting the State from reading to the jury those parts of the indictment alleging his prior convictions.  After considering argument from the parties, the trial court ruled that Appellant’s stipulation would be admitted into evidence but not disclosed to the jury during the State’s case-in-chief, and that the State would be permitted to read before the jury those parts of the indictment alleging Appellant’s prior DWI convictions.

At the beginning of Appellant’s trial, and in the presence of the jury, the State of Texas, over Appellant’s objection, read the full text of the indictment, including its allegations that Appellant had twice before been convicted of DWI.  Appellant was convicted and sentenced to three years’ confinement with no monetary fine.  This appeal ensued.

In Appellant’s sole issue, he argues that the trial court erred in allowing  the State to read those parts of the indictment containing his two prior misdemeanor convictions for DWI because he stipulated to the prior convictions for both jurisdictional and evidentiary purposes.

The recent court of criminal appeals decision in 
Hollen v. State
 disposes of Appellant’s claim.  117 S.W.3d 798 (Tex. Crim. App. 2003).  In 
Hollen
, the appellant’s indictment for felony DWI included allegations of two prior DWI convictions.  
Id
. at 799.  As with the case at hand, Hollen stipulated to the two prior convictions, and the indictment, including the two prior conviction allegations, was read to the jury.  
Id
.  Hollen argued that the trial court erred by reading the prior-convictions portion of the indictment to the jury.  
Id
. at 800.

The court of criminal appeals held that it was not error to inform the jury of Hollen's stipulation and that the prior convictions were validly mentioned in the reading of the indictment.  
Id
. at 802.  The court also concluded that the prior convictions were the legitimate subject of voir dire, opening statements, and closing arguments.  
Id
.  In reaching its decision, the court of criminal appeals recognized that when a defendant agrees to stipulate to prior convictions that constitute jurisdictional elements of the charged offense, the jury should be informed of the stipulation.  
Id
.  Thus, in this case, the State was permitted to read the indictment—including the portion that contained allegations of Appellant’s prior DWI convictions. 

We therefore overrule Appellant’s sole issue and affirm the trial court’s judgment.

DIXON W. HOLMAN

JUSTICE

PANEL B: DAUPHINOT and HOLMAN, JJ.; and SAM J. DAY, J. (Retired, Sitting by Assignment).

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED:  January 15, 2004

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.