Daryl J. Shugart v. The State of Texas

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-010-CR

DARYL J. SHUGART APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 362
ND
 DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

A jury convicted Appellant Daryl J. Shugart of felony DWI and assessed punishment at five years and six months’ confinement in the Institutional Division of the Texas Department of Criminal Justice and a fine of $2,500 dollars.  The trial court sentenced Appellant accordingly.  In one point, Appellant contends that the trial court erred in admitting the stipulation of prior DWI convictions into evidence before the jury.  Because we hold that the trial court did not err, we affirm the trial court’s judgment.

Appellant was charged by indictment with the offense of DWI, enhanced by two prior DWI convictions.  Before trial, Appellant signed a stipulation of the two prior DWI convictions.  At trial, the State offered the testimony of three witnesses and the stipulation, which was admitted before the jury over Appellant’s objection.  Appellant called three witnesses, two of whom testified that they did not see Appellant drinking an alcoholic beverage that evening and that Appellant was distraught over the death of his father.  Appellant also took the stand and admitted to drinking two glasses of wine, but he denied being intoxicated.

In closing argument at the guilt-innocence phase, the State told the jury to look at the enhancement paragraphs alleging the two prior convictions and reminded the jury of the stipulation.

Appellant relies on 
Robles v. State
(footnote: 2) and 
Tamez v. State
(footnote: 3) in arguing that the trial court erred in admitting the stipulations into evidence over his rule 403 and 404(b) objections.  Appellant also relies on this court’s opinion in 
Hollen v.
 
State
.
(footnote: 4)  On discretionary review in 
Hollen
, the Texas Court of Criminal Appeals clarified its holdings in 
Tamez
 and 
Robles
:

To analyze the issue before us, we begin with 
Tamez
.  In that case, despite the defendant's offer to stipulate to two DWI convictions, an indictment alleging six prior DWI convictions was read to the jury and the judgments in all six were introduced into evidence at trial. . . .

As a result of our discussion of Article 36.01 and 
Old Chief
, we held that the trial court erred both in its reading of the indictment and in the admission of evidence.  In addressing what should have happened at trial, we concluded “that the proper balance is struck when the State reads the indictment at the beginning of trial, mentioning only 
the two jurisdictional prior convictions
, but is foreclosed from presenting evidence of the convictions during its case-in-chief.”  We held that, if the defendant offers to stipulate to the two prior convictions necessary to confer jurisdiction, “prior convictions 
beyond the two jurisdictional elements
 should not be read or proven during the State's case-in-chief.”  Thus, 
Tamez
 recognized that the two jurisdictional prior convictions can be included in the reading of the indictment to the jury.  What remained unclear was whether those two convictions could be introduced into evidence at the guilt stage of trial.

We addressed that question in 
Robles
.  In that case, there were only two prior convictions at issue.  The defendant offered to stipulate to the two prior convictions and requested that the trial court prevent the State from introducing evidence of those convictions.  The trial court denied the request and the defendant pled guilty in lieu of going to trial.  In conducting a Rule 403 analysis, we found that the offer to stipulate diminished the probative value of judgments reflecting the prior convictions “because the same information would have been admitted in an alternate form.”  We found the risk of unfair prejudice to be high “because the judgments contained information that was not relevant in the guilt-innocence phase of trial.”  This extraneous information consisted of “a notation that it was a DWI-third offense [and] . . . the sentences imposed.”  From this information the jury could have determined that the offense charged was the defendant's “fifth alcohol-related offense” and that the defendant “had not served his full term for the last prior conviction.”  Under those circumstances, we found that the 
judgments
 of the prior convictions were inadmissible.  

But 
Robles
 did not address whether the jury may be informed of the stipulation or whether the stipulation itself may be admitted into evidence.
(footnote: 5)

The Court then went on to hold that it is not error to admit a stipulation into evidence or mention it during other phases of the trial:

Citing 
Tamez
, we have reiterated that the two prior convictions are jurisdictional elements that must be proven to obtain a conviction for the offense of felony DWI.  And in 
dicta
, we have recently indicated that juries should at least hear the stipulation:  “The appellant's stipulation would have placed the prior convictions into evidence, making the jury aware of their existence.  This would have satisfied the evidentiary requirements regarding stipulations while avoiding the unfair prejudice that would accompany further mention of the convictions.”  Thus, this Court's cases already suggest that the jury should be informed of the stipulation, as the two prior convictions are elements of the offense that must be proven to the factfinder—in this case the jury—to establish the offense of felony DWI.

This conclusion is consistent with the Supreme Court's own discussion of the issue in 
Old Chief
. . . . 

. . . .

The Supreme Court's point is that the stipulation 
is
 evidence, and as such, is received by the jury.

From this discussion, we conclude that it was not error to inform the jury of the stipulation.  And because the stipulation is a form of evidence, the trial court did not err in “admitting” the stipulation.  Since the two prior offenses were validly mentioned in the indictment and validly introduced into evidence via the stipulation, there was likewise no error in the jury instructions, and the prior convictions were the legitimate subject of voir dire, opening statements, and closing arguments.
(footnote: 6)

We therefore overrule Appellant’s sole point on appeal and affirm the trial court’s judgment.

LEE ANN DAUPHINOT

JUSTICE

PANEL B: LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  January 15, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
85 S.W.3d 211 (Tex. Crim. App. 2002).

3:
11 S.W.3d 198 (Tex. Crim. App. 2000).

4:
87 S.W.3d 151 (Tex. App.—Fort Worth 2002), 
rev’d
, 117 S.W.3d 798 (Tex. Crim. App. 2003).

5:
Hollen
, 117 S.W.3d at 800-01 (citations ommited).

6:
Id.
 at 801-02.