COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-03-010-CR
 
 
DARYL J. SHUGART                                                              APPELLANT
 
V.
 
THE STATE OF TEXAS                                                                  STATE
 
------------
 
FROM THE 362ND DISTRICT COURT OF DENTON 
COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        A 
jury convicted Appellant Daryl J. Shugart of felony DWI and assessed punishment 
at five years and six months’ confinement in the Institutional Division of the 
Texas Department of Criminal Justice and a fine of $2,500 dollars. The trial 
court sentenced Appellant accordingly. In one point, Appellant contends that the 
trial court erred in admitting the stipulation of prior DWI convictions into 
evidence before the jury. Because we hold that the trial court did not err, we 
affirm the trial court’s judgment.
        Appellant 
was charged by indictment with the offense of DWI, enhanced by two prior DWI 
convictions. Before trial, Appellant signed a stipulation of the two prior DWI 
convictions. At trial, the State offered the testimony of three witnesses and 
the stipulation, which was admitted before the jury over Appellant’s 
objection. Appellant called three witnesses, two of whom testified that they did 
not see Appellant drinking an alcoholic beverage that evening and that Appellant 
was distraught over the death of his father. Appellant also took the stand and 
admitted to drinking two glasses of wine, but he denied being intoxicated.
        In 
closing argument at the guilt-innocence phase, the State told the jury to look 
at the enhancement paragraphs alleging the two prior convictions and reminded 
the jury of the stipulation.
        Appellant 
relies on Robles v. State[2] and Tamez v. 
State[3] in arguing that the trial court erred in 
admitting the stipulations into evidence over his rule 403 and 404(b) 
objections. Appellant also relies on this court’s opinion in Hollen v. State.[4]  On discretionary review in Hollen, the Texas 
Court of Criminal Appeals clarified its holdings in Tamez and Robles:
To 
analyze the issue before us, we begin with Tamez. In that case, despite 
the defendant's offer to stipulate to two DWI convictions, an indictment 
alleging six prior DWI convictions was read to the jury and the judgments in all 
six were introduced into evidence at trial. . . .
 
As a 
result of our discussion of Article 36.01 and Old Chief, we held that the 
trial court erred both in its reading of the indictment and in the admission of 
evidence. In addressing what should have happened at trial, we concluded “that 
the proper balance is struck when the State reads the indictment at the 
beginning of trial, mentioning only the two jurisdictional prior convictions, 
but is foreclosed from presenting evidence of the convictions during its 
case-in-chief.” We held that, if the defendant offers to stipulate to the two 
prior convictions necessary to confer jurisdiction, “prior convictions beyond 
the two jurisdictional elements should not be read or proven during the 
State's case-in-chief.” Thus, Tamez recognized that the two 
jurisdictional prior convictions can be included in the reading of the 
indictment to the jury. What remained unclear was whether those two convictions 
could be introduced into evidence at the guilt stage of trial.
 
We 
addressed that question in Robles. In that case, there were only two 
prior convictions at issue. The defendant offered to stipulate to the two prior 
convictions and requested that the trial court prevent the State from 
introducing evidence of those convictions. The trial court denied the request 
and the defendant pled guilty in lieu of going to trial. In conducting a Rule 
403 analysis, we found that the offer to stipulate diminished the probative 
value of judgments reflecting the prior convictions “because the same 
information would have been admitted in an alternate form.” We found the risk 
of unfair prejudice to be high “because the judgments contained information 
that was not relevant in the guilt-innocence phase of trial.” This extraneous 
information consisted of “a notation that it was a DWI-third offense [and] . . 
. the sentences imposed.” From this information the jury could have determined 
that the offense charged was the defendant's “fifth alcohol-related offense” 
and that the defendant “had not served his full term for the last prior 
conviction.” Under those circumstances, we found that the judgments of 
the prior convictions were inadmissible.
 
But Robles 
did not address whether the jury may be informed of the stipulation or whether 
the stipulation itself may be admitted into evidence.[5]

The 
Court then went on to hold that it is not error to admit a stipulation into 
evidence or mention it during other phases of the trial:
Citing Tamez, 
we have reiterated that the two prior convictions are jurisdictional elements 
that must be proven to obtain a conviction for the offense of felony DWI. And in 
dicta, we have recently indicated that juries should at least hear the 
stipulation: “The appellant's stipulation would have placed the prior 
convictions into evidence, making the jury aware of their existence. This would 
have satisfied the evidentiary requirements regarding stipulations while 
avoiding the unfair prejudice that would accompany further mention of the 
convictions.” Thus, this Court's cases already suggest that the jury should be 
informed of the stipulation, as the two prior convictions are elements of the 
offense that must be proven to the factfinder—in this case the jury—to 
establish the offense of felony DWI.
 
This 
conclusion is consistent with the Supreme Court's own discussion of the issue in 
Old Chief. . . .
. . . .
 
The 
Supreme Court's point is that the stipulation is evidence, and as such, 
is received by the jury.
 
From 
this discussion, we conclude that it was not error to inform the jury of the 
stipulation. And because the stipulation is a form of evidence, the trial court 
did not err in “admitting” the stipulation. Since the two prior offenses 
were validly mentioned in the indictment and validly introduced into evidence 
via the stipulation, there was likewise no error in the jury instructions, and 
the prior convictions were the legitimate subject of voir dire, opening 
statements, and closing arguments.[6]

        We 
therefore overrule Appellant’s sole point on appeal and affirm the trial 
court’s judgment.
 
                                                                  LEE 
ANN DAUPHINOT
                                                                  JUSTICE
 
PANEL 
B:   LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.
DO NOT 
PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: 
January 15, 2004


NOTES
1. See Tex. R. App. P. 47.4.
2. 85 S.W.3d 211 (Tex. Crim. App. 
2002).
3. 11 S.W.3d 198 (Tex. Crim. App. 
2000).
4. 87 S.W.3d 151 (Tex. 
App.—Fort Worth 2002), rev’d, 117 S.W.3d 798 (Tex. Crim. App. 2003).
5. Hollen, 117 S.W.3d at 
800-01 (citations ommited).
6. Id. at 801-02.