NO. 07-04-0428-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



OCTOBER 25, 2004



______________________________




IN THE INTEREST OF C.H., C.H. AND C.H., CHILDREN




_________________________________



FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2002-518,450; HONORABLE JIM BOB DARNELL, JUDGE



_______________________________



Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

MEMORANDUM OPINION


 Appellant, Deanna McCann filed a pro se notice of appeal on August 17, 2004. The
clerk's record was filed on September 24, 2004, but no reporter's record has been
received. (1) The court reporter filed a request for extension of time to file the record and
informed this court that as of October 15, 2004, appellant has not paid or made
arrangements to pay for the record. 


 On September 17, 2004, appellant was directed by letter to certify to the clerk of this
court, by September 27, 2004, in writing, whether Rules 34.5(10), 34.6(b)(1), and
35.3(a)(2), (b)(2) of the Texas Rules of Appellate Procedure had been complied with; if so,
the date of the compliance, and if not, a reasonable explanation for non-compliance. She
was informed that failure to comply with the court's directive might result in dismissal. After
appellant failed to respond, a second letter was sent on September 30, 2004, informing
appellant that failure to comply by October 11, 2004, would result in dismissal of the
appeal. 

 On October 12, 2004, this court received appellant's response, but the response
does not include the information appellant was directed to provide. Because appellant has
failed to provide proof that she has paid for the reporter's record or made satisfactory
arrangements for the payment of the record as directed by the court, we dismiss the
appeal pursuant to Texas Rule of Appellate Procedure 42.3(b) and 42.3(c).


 Per Curiam
1. ' 
 ' 



Anders brief and motion to withdraw filed by his counsel. Appellant has not filed a
brief or other response. Nor has the State filed a brief in this appeal. 

 In conformity with the standards set out by the United States Supreme Court, we will
not rule on the motion to withdraw until we have independently examined the record.
Nichols v. State, 954 S.W.2d 83, 86 (Tex.App.-San Antonio 1997, no pet.). If this court
determines the appeal has merit, we will remand it to the trial court for appointment of new
counsel. See Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). 

 The sole potential issue discussed in counsel's brief addresses objections made
during voir dire concerning enhancement of punishment based on prior convictions. The
objection was prompted by the following statement by the prosecutor:

 However under our law, we have a number of what we call habitual offender
statutes. And what those habitual statutes do is if you've been convicted of
a felony before or two felonies and you've gone to prison, you can have your
punishment range enhanced. In a state jail felony, if you have been
convicted of two prior state jail felonies, your punishment range is enhanced.


Defense counsel objected on the basis the comments "are obviously implying my client has
been convicted of more than one felony prior to this, and I think that tends to prejudice the
jury from the very outset that he has been convicted of a crime." After the objection was
overruled, the prosecutor continued his discussion of the issue, stating "I can't talk to you
about what the facts are in this specific case. . . . I'm not going to sit and talk to you about
capital murder, when I know that issue is not going to come up during the trial." The
prosecutor individually questioned several panel members about their views on the effect
of prior convictions on appropriate punishment. 

 Defense counsel renewed his objection to which the court responded that it may
have been error not to instruct the prosecution not to discuss the causes of enhanced
punishment because the prosecutor's questions made the prior convictions "just so clear
to them." The court ultimately overruled the objection. 

 Appellate counsel's brief does not cite authority relevant to the issue but concludes
any error was waived when appellant testified to his criminal history on both direct and
cross-examination at the guilt or innocence stage of the trial.

 Enhancement allegations or evidence of prior offenses ordinarily may not be
presented to the jury or venire prior to the punishment stage of trial. See Tex. Code Crim.
Proc. Ann. art. 36.01(a)(1) (Vernon supp. 2004) (allegations in indictment of prior
convictions for purpose of enhancement shall not be read to jury before punishment
phase). See also Hollen v. State, 117 S.W.3d 798, 799 (Tex.Crim.App. 2003). We agree
appellant's admission of his prior convictions waived any error and no issue is presented
for appeal. See Penry v. State, 691 S.W.2d 636, 655 (Tex.Crim.App. 1985) (admission of
the same evidence elsewhere without objection cures any error). 

 Our review of counsel's brief and the record convinces us that appellate counsel
conducted a thorough review of the record. We have also made an independent
examination of the entire record to determine whether there are any arguable grounds
which might support the appeal. See Stafford, 813 S.W.2d at 511. We agree it presents
no meritorious grounds for review. We affirm the judgment of the trial court.

 The court takes notice that appellate counsel died during the pendency of this
appeal. We dismiss counsel's motion to withdraw as moot.


 James T. Campbell

 Justice




Do not publish.