NO. 07-04-0324-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JANUARY 13, 2005



______________________________




LIANDRO LEANDRO RAMOS, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE



_________________________________



FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;



NO. 15,621-A; HONORABLE HAL MINER, JUDGE


_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Appellant Liandro Leandro Ramos appeals his conviction for the felony offense of
forgery. We agree with appointed counsel's conclusion that the record fails to show any
meritorious issue which would support the appeal and affirm the trial court's judgment. 

 Appellant was charged with forgery in an indictment alleging he passed a forged
check in the amount of $2,648.65. The indictment also contained enhancement
paragraphs alleging two prior felony convictions. He pled not guilty and was tried before
a jury which found him guilty. Appellant plead true to the enhancement allegations and the
jury assessed punishment at seven years confinement in the Institutional Division of the
Texas Department of Criminal Justice and a fine of $3,500.00. Appellant's appointed trial
counsel timely perfected appeal and new counsel was appointed to represent appellant on
appeal.

 Appellant's counsel has filed a motion to withdraw and a brief in support pursuant
to Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), in which he
represents he has searched the record and in his professional opinion, under the controlling
authorities and facts of this case, there is no reversible error or legitimate grounds for
appeal. Counsel has informed appellant by letter of his right to review the trial record and
to file a pro se brief. Johnson v. State, 885 S.W.2d 641, 645 (Tex.App.-Waco 1994, pet.
ref'd). By letter this court also notified appellant of his opportunity to submit a response
to the Anders brief and motion to withdraw filed by his counsel. Appellant has not filed a
brief or other response. Nor has the State filed a brief in this appeal. 

 In conformity with the standards set out by the United States Supreme Court, we will
not rule on the motion to withdraw until we have independently examined the record.
Nichols v. State, 954 S.W.2d 83, 86 (Tex.App.-San Antonio 1997, no pet.). If this court
determines the appeal has merit, we will remand it to the trial court for appointment of new
counsel. See Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). 

 The sole potential issue discussed in counsel's brief addresses objections made
during voir dire concerning enhancement of punishment based on prior convictions. The
objection was prompted by the following statement by the prosecutor:

 However under our law, we have a number of what we call habitual offender
statutes. And what those habitual statutes do is if you've been convicted of
a felony before or two felonies and you've gone to prison, you can have your
punishment range enhanced. In a state jail felony, if you have been
convicted of two prior state jail felonies, your punishment range is enhanced.


Defense counsel objected on the basis the comments "are obviously implying my client has
been convicted of more than one felony prior to this, and I think that tends to prejudice the
jury from the very outset that he has been convicted of a crime." After the objection was
overruled, the prosecutor continued his discussion of the issue, stating "I can't talk to you
about what the facts are in this specific case. . . . I'm not going to sit and talk to you about
capital murder, when I know that issue is not going to come up during the trial." The
prosecutor individually questioned several panel members about their views on the effect
of prior convictions on appropriate punishment. 

 Defense counsel renewed his objection to which the court responded that it may
have been error not to instruct the prosecution not to discuss the causes of enhanced
punishment because the prosecutor's questions made the prior convictions "just so clear
to them." The court ultimately overruled the objection. 

 Appellate counsel's brief does not cite authority relevant to the issue but concludes
any error was waived when appellant testified to his criminal history on both direct and
cross-examination at the guilt or innocence stage of the trial.

 Enhancement allegations or evidence of prior offenses ordinarily may not be
presented to the jury or venire prior to the punishment stage of trial. See Tex. Code Crim.
Proc. Ann. art. 36.01(a)(1) (Vernon supp. 2004) (allegations in indictment of prior
convictions for purpose of enhancement shall not be read to jury before punishment
phase). See also Hollen v. State, 117 S.W.3d 798, 799 (Tex.Crim.App. 2003). We agree
appellant's admission of his prior convictions waived any error and no issue is presented
for appeal. See Penry v. State, 691 S.W.2d 636, 655 (Tex.Crim.App. 1985) (admission of
the same evidence elsewhere without objection cures any error). 

 Our review of counsel's brief and the record convinces us that appellate counsel
conducted a thorough review of the record. We have also made an independent
examination of the entire record to determine whether there are any arguable grounds
which might support the appeal. See Stafford, 813 S.W.2d at 511. We agree it presents
no meritorious grounds for review. We affirm the judgment of the trial court.

 The court takes notice that appellate counsel died during the pendency of this
appeal. We dismiss counsel's motion to withdraw as moot.


 James T. Campbell

 Justice




Do not publish.