NO. 07-04-0324-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 13, 2005

_____

LIANDRO LEANDRO RAMOS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;

NO. 15,621-A; HONORABLE HAL MINER, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Appellant Liandro Leandro Ramos appeals his conviction for the felony offense of forgery.  We agree with appointed counsel's conclusion that the record fails to show any meritorious issue which would support the appeal and affirm the trial court's judgment.

Appellant was charged with forgery in an indictment alleging he passed a forged check in the amount of $2,648.65.  The indictment also contained enhancement paragraphs alleging two prior felony convictions.  He pled not guilty and was tried before

a jury which found him guilty. Appellant plead true to the enhancement allegations and the jury assessed punishment at seven years confinement in the Institutional Division of the Texas Department of Criminal Justice and a fine of $3,500.00. Appellant's appointed trial counsel timely perfected appeal and new counsel was appointed to represent appellant on appeal.

Appellant's counsel has filed a motion to withdraw and a brief in support pursuant to *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), in which he represents he has searched the record and in his professional opinion, under the controlling authorities and facts of this case, there is no reversible error or legitimate grounds for appeal. Counsel has informed appellant by letter of his right to review the trial record and to file a pro se brief. *Johnson v. State*, 885 S.W.2d 641, 645 (Tex.App.–Waco 1994, pet. ref'd). By letter this court also notified appellant of his opportunity to submit a response to the *Anders* brief and motion to withdraw filed by his counsel. Appellant has not filed a brief or other response. Nor has the State filed a brief in this appeal.

In conformity with the standards set out by the United States Supreme Court, we will not rule on the motion to withdraw until we have independently examined the record. *Nichols v. State*, 954 S.W.2d 83, 86 (Tex.App.–San Antonio 1997, no pet.). If this court determines the appeal has merit, we will remand it to the trial court for appointment of new counsel. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991).

The sole potential issue discussed in counsel's brief addresses objections made during voir dire concerning enhancement of punishment based on prior convictions. The objection was prompted by the following statement by the prosecutor:

> However under our law, we have a number of what we call habitual offender statutes. And what those habitual statutes do is if you've been convicted of a felony before or two felonies and you've gone to prison, you can have your punishment range enhanced. In a state jail felony, if you have been convicted of two prior state jail felonies, your punishment range is enhanced.

Defense counsel objected on the basis the comments "are obviously implying my client has been convicted of more than one felony prior to this, and I think that tends to prejudice the jury from the very outset that he has been convicted of a crime." After the objection was overruled, the prosecutor continued his discussion of the issue, stating "I can't talk to you about what the facts are in this specific case. . . . I'm not going to sit and talk to you about capital murder, when I know that issue is not going to come up during the trial." The prosecutor individually questioned several panel members about their views on the effect of prior convictions on appropriate punishment.

Defense counsel renewed his objection to which the court responded that it may have been error not to instruct the prosecution not to discuss the causes of enhanced punishment because the prosecutor's questions made the prior convictions "just so clear to them." The court ultimately overruled the objection.

Appellate counsel's brief does not cite authority relevant to the issue but concludes any error was waived when appellant testified to his criminal history on both direct and cross-examination at the guilt or innocence stage of the trial.

-3-

Enhancement allegations or evidence of prior offenses ordinarily may not be presented to the jury or venire prior to the punishment stage of trial. *See* Tex. Code Crim. Proc. Ann. art*.* 36.01(a)(1) (Vernon supp. 2004) (allegations in indictment of prior convictions for purpose of enhancement shall not be read to jury before punishment phase). *See also Hollen v. State*, 117 S.W.3d 798, 799 (Tex.Crim.App. 2003). We agree appellant's admission of his prior convictions waived any error and no issue is presented for appeal. *See Penry v. State*, 691 S.W.2d 636, 655 (Tex.Crim.App. 1985) (admission of the same evidence elsewhere without objection cures any error).

Our review of counsel's brief and the record convinces us that appellate counsel conducted a thorough review of the record. We have also made an independent examination of the entire record to determine whether there are any arguable grounds which might support the appeal. *See Stafford*, 813 S.W.2d at 511. We agree it presents no meritorious grounds for review. We affirm the judgment of the trial court.

The court takes notice that appellate counsel died during the pendency of this appeal. We dismiss counsel's motion to withdraw as moot.

James T. Campbell
Justice

Do not publish.