IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0672-04






CLARENCE RANDOLPH BRYANT, Appellant



v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE TENTH COURT OF APPEALS


BOSQUE COUNTY





 Cochran, J., filed a concurring opinion, in which Holcomb, J., joined.


 I join the majority opinion. I add these comments only to emphasize the
chronology of events and correctness of the procedure used in this case.

 Immediately before the trial began, but outside the presence of the jury, the trial
judge stated: "I have been presented with a stipulation." That written stipulation,
properly signed by appellant (as it must be) and by his counsel (as it should be) is titled
"Defendant's Stipulation as to Jurisdictional Prior Convictions Pursuant to Tamez v.
State." After the discussion on the record quoted by the majority, the State agreed to the
stipulation, and the trial judge, by saying "All right," accepted the stipulation. That
written, signed stipulation was made part of the official record of this trial and is
contained on page 27 of the Clerk's Record. (1) That written stipulation, though it does not
track the precise wording of the jurisdictional prior convictions set out in the indictment,
contains all of the information necessary to prove appellant's two prior convictions. This
duly signed stipulation of evidence is legally sufficient "proof" of those prior convictions. 
 Although we held in Hollen v. State, (2) that the State may offer the stipulation into
evidence before the jury, we did not state that the State is required to offer the stipulation
into evidence before the jury. The written stipulation (3) substitutes for evidence and is
sufficient proof of the facts stipulated to as long as the stipulation is contained in the
official record, and both the trial court and any reviewing court may compare its contents
to the indictment allegations. 

 Here, there is no question that appellant did personally stipulate to the facts of the
stipulation; the stipulation adequately recited the two prior jurisdictional convictions
contained in the indictment; the written stipulation is itself contained in the official trial
record; therefore, the signed stipulation is a legally sufficient substitute for proof before
the jury of the prior convictions alleged in the indictment. The jury was told of the
existence and contents of the stipulation in the jury instructions. Those jury instructions
accurately informed the jury of the contents of appellant's written stipulation. 

 Where's the beef? If a defendant wants the jury to hear "evidence" about his prior
DWI convictions in a felony DWI trial, he need not stipulate to those jurisdictional prior
convictions. If he wants to stipulate to them and avoid having the jury hearing the
particulars of those prior convictions (and perhaps avoid having them mentioned at all,
except for the reading of the indictment and of the instructions in the jury charge), he
cannot later claim that the evidence is legally insufficient because the State did not
formally offer his written, signed stipulation into evidence before the jury. 


 With these comments, I join the majority opinion.

 

Cochran, J.

Filed: April 6, 2005

Publish
1. Of course, this would be a very different case if the written stipulation were not in the
Clerk's Record or its contents were not read aloud into the Reporter's Record.
2. 117 S.W.3d 798, 802 (Tex. Crim. App. 2003).
3. A valid stipulation may be either written and signed by the defendant himself or made
orally in open court and agreed to by the defendant himself on the record in front of the judge.