LUEVANO V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-461-CR

PEDRO MACIAS LUEVANO APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 362ND DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Pedro Macias Luevano appeals from his conviction for the felony offense of driving while intoxicated (DWI).  We affirm.

Appellant’s court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  In the brief, counsel avers that, in his professional opinion, this appeal is frivolous.  Counsel’s brief and motion meet the requirements of 
Anders v. California
, 386 U.S. 738, 87 S. Ct. 1396 (1967) by presenting a professional evaluation of the record demonstrating why there are no reversible grounds on appeal and referencing any grounds that arguably might support the appeal.  
See Mays v. State
, 904 S.W.2d 920, 922-23 (Tex. App.—Fort Worth 1995, no pet.).

Appellant’s counsel presents a discussion of a single potential ground of error:  whether the trial court erred by allowing the State to read to the jury appellant’s stipulation that he had been convicted of two prior DWI offenses. Although appellant was given an opportunity to file a pro se appellate brief, he has not done so.

In a felony DWI case, the two prior convictions are jurisdictional elements that must be proven to obtain a conviction for the charged offense.  
Hollen v. State,
 117 S.W.3d 798, 801 (Tex. Crim. App. 2003), 
cert. denied
, 541 U.S. 992 (2004).  Accordingly, it is not error for the trial court to admit into evidence a defendant’s stipulation of his two prior convictions.  
Id.
 at 802.  We overrule the potential ground of error.

Once an appellant’s court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of 
Anders
, we are obligated to undertake an independent examination of the record and essentially to rebrief the case for the appellant to see if there is any arguable ground that may be raised on his behalf.  
See Stafford v. State
, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

In addition to the matter we have already addressed, our independent review of the record shows that there is no error that arguably might support an appeal or require reversal.  There are no jurisdictional errors.  The indictment conferred jurisdiction on the trial court and provided appellant with sufficient notice to prepare a defense.  
See
 Tex. Const. 
art. V, § 12; 
Tex. Code Crim. Proc. Ann. 
art. 4.05 (Vernon 2005
); 
Duron v. State
, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997).  The trial court properly charged the jury on the charged offense and the applicable range of punishment, and the punishment assessed is within the statutory range.  
See
 
Tex. Penal Code Ann.
 §§ 12.34, 49.04 (Vernon 2003), § 49.09(b)(2) (Vernon Supp. 2004-05)
.  Therefore, we grant appellate counsel’s motion to withdraw and affirm the trial court’s judgment.

PER CURIAM

PANEL F: CAYCE, C.J.; GARDNER and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: July 28, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.