COURT OF APPEALS
SECOND 
DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-461-CR
 
  
PEDRO 
MACIAS LUEVANO                                                     APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM 
THE 362ND DISTRICT COURT OF DENTON COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Pedro 
Macias Luevano appeals from his conviction for the felony offense of driving 
while intoxicated (DWI).  We affirm.
        Appellant’s 
court-appointed appellate counsel has filed a motion to withdraw as counsel and 
a brief in support of that motion. In the brief, counsel avers that, in his 
professional opinion, this appeal is frivolous.  Counsel’s brief and 
motion meet the requirements of Anders v. California, 386 U.S. 738, 87 S. 
Ct. 1396 (1967) by presenting a professional evaluation of the record 
demonstrating why there are no reversible grounds on appeal and referencing any 
grounds that arguably might support the appeal.  See Mays v. State, 
904 S.W.2d 920, 922-23 (Tex. App.—Fort Worth 1995, no pet.).
        Appellant’s 
counsel presents a discussion of a single potential ground of error:  
whether the trial court erred by allowing the State to read to the jury 
appellant’s stipulation that he had been convicted of two prior DWI 
offenses.  Although appellant was given an opportunity to file a pro se 
appellate brief, he has not done so.
        In 
a felony DWI case, the two prior convictions are jurisdictional elements that 
must be proven to obtain a conviction for the charged offense.  Hollen 
v. State, 117 S.W.3d 798, 801 (Tex. Crim. App. 2003), cert. denied, 
541 U.S. 992 (2004).  Accordingly, it is not error for the trial court to 
admit into evidence a defendant’s stipulation of his two prior 
convictions.  Id. at 802.  We overrule the potential ground of 
error.
        Once 
an appellant’s court-appointed counsel files a motion to withdraw on the 
ground that the appeal is frivolous and fulfills the requirements of Anders, 
we are obligated to undertake an independent examination of the record and 
essentially to rebrief the case for the appellant to see if there is any 
arguable ground that may be raised on his behalf.  See Stafford v. State, 
813 S.W.2d 503, 511 (Tex. Crim. App. 1991).
        In 
addition to the matter we have already addressed, our independent review of the 
record shows that there is no error that arguably might support an appeal or 
require reversal.  There are no jurisdictional errors.  The indictment 
conferred jurisdiction on the trial court and provided appellant with sufficient 
notice to prepare a defense.  See Tex. Const. art. V, § 12; Tex. Code Crim. Proc. Ann. art. 4.05 
(Vernon 2005); Duron v. State, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 
1997).  The trial court properly charged the jury on the charged offense 
and the applicable range of punishment, and the punishment assessed is within 
the statutory range.  See Tex. 
Penal Code Ann. §§ 12.34, 49.04 (Vernon 2003), § 49.09(b)(2) (Vernon 
Supp. 2004-05).  Therefore, we grant appellate counsel’s motion to 
withdraw and affirm the trial court’s judgment.
   
                                                          PER 
CURIAM
 
  
  
PANEL 
F:   CAYCE, C.J.; GARDNER and WALKER, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
July 28, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.