Theodore Saron WILLIAMS, Appellant,

v.

The STATE of Texas, State.

No. 2–04–570–CR.

Court of Appeals of Texas,
Fort Worth.

Jan. 12, 2006.

Discretionary Review Refused
May 3, 2006.

Robert Kersey, Granbury, for appellant.

Robert T. Christian, Dist. Atty., Granbury, for appellee.

PANEL F: DAUPHINOT, HOLMAN, and GARDNER, JJ.

## OPINION

LEE ANN DAUPHINOT, Justice.

A jury convicted Appellant Theodore Saron Williams of felony driving while intoxicated (DWI). We reversed his conviction on appeal and remanded the case for a

---

28. *See Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

new trial.[1] On remand, the jury again convicted Appellant of felony DWI, and the trial court sentenced him to twenty years' confinement in the Institutional Division of the Texas Department of Criminal Justice. In one issue, Appellant contends that the disclosure of his two prior DWI convictions at the guilt phase of the trial denied him his Sixth Amendment right to a trial before an impartial jury. Because the Texas Court of Criminal Appeals has specifically approved the practices followed by the trial court in this case, we affirm the trial court's judgment.

Appellant stipulated to the two prior DWI convictions and filed a pretrial motion styled "Defendant's Sixth Amendment Objection to Texas Code of Criminal Procedure Article 36.01(a)(1)." This motion posited that the law requiring the presentation of evidence of the two prior DWI convictions in a felony DWI case creates a risk of unfair prejudice condemned by *Old Chief v. United States.*[2] The trial court denied Appellant's motion to prohibit any mention of his prior convictions, but granted his request for a running objection to any mention of those convictions.

The trial court allowed the State to read the part of the indictment describing Appellant's two prior misdemeanor DWIs, to enter the stipulation into evidence, and to discuss the two prior DWIs during the State's opening statement, its case in chief, and its closing argument. Additionally, the trial court referred to the prior convictions in the jury charge. Again, the references all occurred over Appellant's objection.

Appellant argues that Texas law is constitutionally infirm and that the injury is particularly egregious because the prior offenses are essentially the same as the charged offense. Appellant's arguments are persuasive, but, as he concedes, the Texas Court of Criminal Appeals, in *Hollen v. State,*[3] specifically approved practices followed by the trial court. We decline Appellant's invitation to overrule the Court of Criminal Appeals. We therefore overrule his sole issue and affirm the trial court's judgment.

---

1. *See Williams v. State,* 145 S.W.3d 737 (Tex. App.-Fort Worth 2004, no pet.) (op. on remand).

2. *Old Chief v. United States,* 519 U.S. 172, 192, 117 S.Ct. 644, 655–56, 136 L.Ed.2d 574 (1997).

3. 117 S.W.3d 798, 802 (Tex.Crim.App.2003), *cert. denied,* 541 U.S. 992, 124 S.Ct. 2022, 158 L.Ed.2d 499 (2004).