COURT OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-04-570-CR

 

 

THEODORE SARON WILLIAMS                                               APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

               FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------








A jury convicted Appellant Theodore Saron
Williams of felony driving while intoxicated (DWI).  We reversed his conviction on appeal and
remanded the case for a new trial.[1]  On remand, the jury again convicted Appellant
of felony DWI, and the trial court sentenced him to twenty years=
confinement in the Institutional Division of the Texas Department of Criminal
Justice.  In one issue, Appellant
contends that the disclosure of his two prior DWI convictions at the guilt
phase of the trial denied him his Sixth Amendment right to a trial before an
impartial jury.  Because the Texas Court
of Criminal Appeals has specifically approved the practices followed by the
trial court in this case, we affirm the trial court=s
judgment.

Appellant stipulated to the two prior DWI
convictions and filed a pretrial motion styled ADefendant=s Sixth
Amendment Objection to Texas Code of Criminal Procedure Article 36.01(a)(1).@  This motion posited that the law requiring
the presentation of evidence of the two prior DWI convictions in a felony DWI
case creates a risk of unfair prejudice condemned by Old Chief v. United
States.[2]  The trial court denied Appellant=s motion
to prohibit any mention of his prior convictions, but granted his request for a
running objection to any mention of those convictions.








The trial court allowed the State to read the
part of the indictment describing Appellant=s two
prior misdemeanor DWIs, to enter the stipulation into evidence, and to discuss
the two prior DWIs during the State=s
opening statement, its case in chief, and its closing argument.  Additionally, the trial court referred to the
prior convictions in the jury charge. 
Again, the references all occurred over Appellant=s
objection.

Appellant argues that Texas law is
constitutionally infirm and that the injury is particularly egregious because
the prior offenses are essentially the same as the charged offense.  Appellant=s
arguments are persuasive, but, as he concedes, the Texas Court of Criminal
Appeals, in Hollen v. State,[3]
specifically approved the practices followed by the trial court.  We decline Appellant=s
invitation to overrule the Court of Criminal Appeals.  We therefore overrule his sole issue and
affirm the trial court=s judgment.

 

 

LEE
ANN DAUPHINOT

JUSTICE

PANEL F:    DAUPHINOT, HOLMAN, and GARDNER, JJ. 

PUBLISH

DELIVERED:  January 12, 2006











[1]See Williams v. State, 145 S.W.3d 737 (Tex. App.CFort
Worth 2004, no pet.) (op. on remand).





[2]Old Chief v. United States, 519 U.S. 172, 192, 117 S. Ct. 644, 655-56 (1997).





[3]117 S.W.3d 798, 802 (Tex. Crim. App. 2003), cert.
denied, 541 U.S. 992 (2004).