**MODIFY and AFFIRM; and Opinion Filed March 16, 2015.**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-13-01511-CR

**ANTHONY SHANE KILLEBREW, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 416th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 416-81884-2012**

## MEMORANDUM OPINION

Before Justices Francis, Lang-Miers, and Whitehill
Opinion by Justice Lang-Miers

Anthony Shane Killebrew appeals his conviction for the third-degree felony offense of assault-family violence against his teenage daughter. Appellant pleaded not guilty, and the jury found him guilty as charged in the indictment. Appellant pleaded true to a prior conviction for aggravated assault alleged for punishment enhancement, and the court assessed appellant's punishment at seven years' incarceration.

Appellant raises two issues on appeal:

(1) The trial judge abused his discretion by not allowing appellant to stipulate to the truth of the allegation of a prior conviction for assault family violence thereby obviating the State's need to inject a similar offense into the jury's knowledge[;]

(2) The trial court abused its discretion by allowing a lay witness to give her opinion that injuries exceeded reasonable discipline.

For the reasons that follow, we modify the judgment to reflect a plea of true to the prior conviction for aggravated assault alleged for punishment enhancement and affirm the judgment as modified.

## BACKGROUND

AK testified that appellant hit her with his hands and a belt and kicked her in the ribs because he thought she was taking too long to do her laundry. The next day at school, AK was crying and holding her side. The assistant principal, Jona Boitmann, took AK to the nurse's office where Boitmann and the school nurse observed AK's injuries. Boitmann called the school resource officer, who called the police. An officer took pictures of AK's injuries, and AK's mother took her to the hospital. Although AK did not have any broken ribs, she was bruised on her chest and back and had other bruises and scratches from shoulder to ankle.

## ISSUE 1: STIPULATION TO PRIOR CONVICTION

In the indictment the State alleged that appellant had a prior conviction for assault-family violence, which, if proved, elevated the Class A misdemeanor to a third-degree felony. *See* TEX. PENAL CODE ANN. § 22.01(b)(2)(A) (West Supp. 2014). Appellant argues that the trial court abused its discretion by not allowing him to stipulate to the prior assault-family violence conviction.

### Procedural Background

In a hearing before voir dire began, appellant told the court that he would plead true to the prior assault-family violence conviction and wanted "to stipulate to the jurisdiction" of the district court. Appellant argued that by stipulating to the court's felony jurisdiction, "the jury should not be permitted to consider [the prior conviction for assault-family violence] because it's already established by his plea." He argued that "he's effectively denied a fair trial" if the jury gets "to hear about another assault family violence that happened – that happened at an earlier

date[.]"  And he argued that he did not "see why a jury needs to be informed of a prior under those circumstances."

The State refused to accept appellant's offer to stipulate and responded that it had "the right to prove up the case as [it saw] fit" and to voir dire the jury panel to explain why the case is "in felony court when it would otherwise be a misdemeanor."  The trial court "overruled" appellant's offer to stipulate, but agreed to give an instruction to the jury limiting the jury's consideration of the prior conviction to jurisdictional purposes only and not as evidence of guilt.

During voir dire, the State minimally referred to the prior conviction:

We're here on an enhanced assault family violence case.

. . .

When we're talking about assault family violence enhanced, we're talking about the following elements:  That on or about a certain date in Collin County, Texas, this defendant intentionally or knowingly or recklessly caused bodily injury to another that they have a family relationship with.  I have to prove how they did it.  I've alleged that in the indictment, so I will have to prove how they did it, *and that they have been convicted before of assault family violence, okay?* (Emphasis added).

Later in voir dire, a venire person asked the State what a prior conviction has to do with this case, and the prosecutor responded:

It's – it – to be in a felony court, certain offenses are enhanced with a prior conviction.  So it's a – basically it's a plea to the jurisdiction.  That's why you're in this court instead of one downstairs.

[venire person response]

Okay.  And the Judge will instruct you, too, that that's all you're able to use it for, but that's why we're in a district court instead of a county court.

Appellant's counsel also referred to the prior conviction during voir dire:

So that we understand – first of all, you understand because you've been told by the prosecutor that the defendant has been previously convicted of a misdemeanor offense assault with a family member as that's defined, and that's very, very broad.  I'd like to tell you – the Judge will tell you – that that's only to be considered on the jurisdictional issue, but that's kind of like everything else in life.  It's hard to ignore what's right there in front of you no matter what maybe

–3–

we ought to do. So I've got to address that, first of all. That was another time, another place than here. And the idea is Mr. Killebrew is entitled to have his case that we're here on right now stand on its own merits and not be infected by something that happened in another proceeding, which the case was disposed of. That being said, how can anybody avoid that they are thinking, "Well, he did something similar to what this is about in some other context. That must be some evidence that he's guilty here today." Everybody understand that's human nature? I wish it weren't in this case. Normally in a criminal case you don't know anything about a defendant until and unless he's found guilty if we get to the punishment phase. This is different because it is a jurisdictional requirement that makes it – what would otherwise be a misdemeanor makes it now a felony because there has been a conviction previously.

Defense counsel asked the panel whether anyone would not be able to follow the judge's instructions to consider the prior conviction solely for jurisdictional purposes and not as evidence of guilt, and no one on the panel responded that they would not be able to follow the law.

After voir dire, the court recessed the proceedings until the next day. The State changed its mind about accepting appellant's offer to stipulate, and the next day before trial started told the trial court that based upon additional research the State should have agreed to accept appellant's stipulation. The State advised the trial court that it offered to accept appellant's stipulation and drafted a written stipulation, but that appellant refused, stating "he no longer wishes to do that." The State said it "still disagree[d] that [a stipulation] keeps the jury from ever hearing that there's a previous conviction[.]" Defense counsel responded:

And we like the position we're in right now, Judge, given the nature of the situation. It can't be cured. There's nothing you can do to improve our position or to lessen it in any way, so we – I say this with all respect to everybody, and I know you understand that. I think anything short of a mistrial, we might just as well dance with who brung us, and that's where we are right now.

The trial proceeded without a stipulation to the prior conviction for assault-family violence, and the State proved the prior conviction by offering the judgment from the prior case and the testimony of a fingerprint expert who matched appellant's fingerprints to those of the person convicted in the prior case. The trial court instructed the jury that it could not consider the prior conviction unless it believed beyond a reasonable doubt that appellant committed the

–4–

offense and then only for jurisdictional purposes and not as evidence of guilt of the charged offense.

## Analysis

Appellant argues on appeal that the trial court should have accepted his stipulation to avoid having the jury determine whether he is guilty of the primary offense and also whether "he is the same person who was previously convicted of a like crime." He argues that "it is a hollow jury instruction that directs the jury to limit its consideration of the prior enhancing conviction only on the jurisdictional issue and not for whether he is guilty of the assault on trial." He also argues that this is the reason "lawyers continually find ways to minimize or even prevent proof to the jury of the existence of the prior, while at the same time preserving establish [sic] felony jurisdiction of their case."

The State acknowledges that in the context of driving while intoxicated it is required to accept a defendant's offer to stipulate to prior DWI convictions alleged for felony jurisdiction. *See, e.g.*, *Martin v. State*, 200 S.W.3d 635, 638 (Tex. Crim. App. 2006); *Tamez v. State*, 11 S.W.3d 198, 202–03 (Tex. Crim. App. 2000). But it argues that neither the Texas Court of Criminal Appeals nor this Court has extended those cases to the assault-family violence context, and, even if those cases applied here, the trial court did not abuse its discretion by refusing appellant's stipulation because it was conditioned on preventing the jury from learning of the prior conviction at all.

We do not need to decide whether *Martin* and *Tamez* apply in this context because appellant waived any error caused by the refusal to accept his stipulation when he withdrew his offer to stipulate and put the State to its proof. After voir dire and before anything else happened at trial, the State offered to accept appellant's stipulation. But appellant said the error could not be cured "short of a mistrial" and decided to plead not guilty and "dance with who brung us."

Appellant's decision appeared to be based on his belief that the stipulation would have prevented the State from referring to the prior conviction at all during trial, and because the prior conviction had already been mentioned during voir dire, the error could not be cured. But the court of criminal appeals has stated that a stipulation to a prior conviction alleged for jurisdictional purposes is evidence that is the proper subject of voir dire, opening statements, guilt/innocence, and closing arguments. *See Hollen v. State*, 117 S.W.3d 798, 800–02 (Tex. Crim. App. 2003). And at the time the State offered to accept appellant's stipulation, the State had not said anything in voir dire about the prior conviction that it could not have said about a stipulation. *See id.* At that point, there was still time for appellant to avoid the introduction of other evidence to prove the prior conviction, but instead he chose to withdraw his offer to stipulate. Consequently, any trial court error by the initial refusal to allow appellant to stipulate to the prior conviction was waived by appellant's decision to forego the stipulation and require the State to prove he was the person convicted in the prior assault-family violence case. *Cf. Dunn v. State*, No. 08-02-00516-CR, 2004 WL 1858352, at *5–6 (Tex. App.—El Paso Aug. 19, 2004, pet. ref'd) (not designated for publication) (stating appellant cannot refuse to have stipulation entered into evidence and then complain about its erroneous denial).

Additionally, the trial court instructed the jury that it could not consider the prior conviction for assault-family violence unless it found beyond a reasonable doubt that appellant committed the offense and then only for jurisdictional purposes and not as evidence of guilt of the primary offense. Because there is no evidence indicating otherwise, we presume the jury followed the trial court's instructions. *Thrift v. State*, 176 S.W.3d 221, 223–24 (Tex. Crim. App. 2005).

We resolve issue one against appellant.

## ISSUE 2: LAY WITNESS OPINION TESTIMONY

In issue two, appellant argues that the trial court abused its discretion by allowing Boitmann, a lay witness, to testify that in her opinion AK's injuries were not the result of reasonable parental discipline. Appellant argues that Boitmann's opinion testimony was inadmissible under evidence rule 701.

### Background

As a justification defense, appellant argued that AK's injuries were the result of reasonable parental discipline and not against the law. *See* TEX. PENAL CODE ANN. § 9.61 (West 2011). On cross-examination, appellant asked the assistant principal, Boitmann, about physical discipline, a parent's right to use physical force, and corporal punishment. On redirect examination, the State asked Boitmann whether she believed the bruises she saw on AK "would have been a reasonable force from a parent or would that have been excessive[.]" Appellant lodged multiple objections to this testimony, all of which the court overruled. Boitmann then testified that based on the injuries she observed she thought the force used was excessive.

### Analysis

Rule 701 states that if a witness is not testifying as an expert, the witness's opinion must be rationally based on the perception of the witness and helpful to a clear understanding of the witness's testimony or the determination of a fact in issue. TEX. R. EVID. 701. Appellant argues that rule 701 "is designed to allow witnesses to the event to describe the event and then draw and testify to logical opinions based on those event [sic]." He contends that because Boitmann did not witness the assault, she did not have knowledge from which to form an opinion, and the jury could have reached the same conclusion on its own without the benefit of Boitmann's lay opinion.

But even if Boitmann's opinion was inadmissible under rule 701, an issue we do not decide, we conclude that any error was harmless. *See* TEX. R. APP. P. 44.2(b). We are to disregard nonconstitutional error if it did not affect appellant's substantial rights. *Id*.; *Solomon v. State*, 49 S.W.3d 356, 365 (Tex. Crim. App. 2001). A substantial right is "not affected by the erroneous admission of evidence 'if the appellate court, after examining the record as a whole, has fair assurance that the error did not influence the jury, or had but a slight effect.'" *Id*. (quoting *Reese v. State*, 33 S.W.3d 238, 243 (Tex. Crim. App. 2000)). Here, in addition to Boitmann, the school nurse testified that the force used was excessive; and the officer who filed the charge against appellant testified that even taking into account reasonable parental discipline, he still thought a charge should be filed and did file the charge. And two of appellant's witnesses—his wife and his neighbor—testified on cross-examination similarly to Boitmann. The State showed the pictures of AK's bruises to appellant's wife and asked her if "that [would] be reasonable discipline of [AK]." She said, "No," and the record states, "(Witness is crying.)." And appellant's neighbor agreed with the State that no child "deserve[d] to have those bruises beaten onto them[.]" Although appellant objected to all of this testimony, on appeal he complains only about Boitmann's testimony. We conclude that any error in the admission of Boitmann's opinion was rendered harmless by the same, uncomplained-of testimony that came in through other witnesses. *See* TEX. R. APP. P. 44.2(b); *Solomon*, 49 S.W.3d at 365.

We resolve issue two against appellant.

### ERROR IN JUDGMENT

The record reflects that appellant pleaded true to a prior conviction for aggravated assault alleged for punishment enhancement. The judgment states "N/A" under "Plea to 1st Enhancement Paragraph" and "N/A" under "Findings on 1st Enhancement Paragraph." We may modify the judgment when we have the necessary information to do so. *Bigley v. State*, 865

S.W.2d 26, 27–28 (Tex. Crim. App. 1993).  Accordingly, we modify the judgment to reflect that appellant pleaded true to the prior conviction alleged for punishment enhancement and that the court accepted his plea of true.

**CONCLUSION**

As modified, we affirm the trial court's judgment.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)

131511F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

ANTHONY SHANE KILLEBREW, Appellant

No. 05-13-01511-CR  V.

THE STATE OF TEXAS, Appellee

On Appeal from the 416th Judicial District Court, Collin County, Texas
Trial Court Cause No. 416-81884-2012.
Opinion delivered by Justice Lang-Miers.
Justices Francis and Whitehill participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

The "N/A" in the boxes for "Plea to 1st Enhancement Paragraph" and "Findings on 1st Enhancement Paragraph" are deleted and "True" is inserted.

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered this 16th day of March, 2015.