**Randall Lamar SMITH, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 08–98–00327–CR.**

Court of Appeals of Texas,
El Paso.

Jan. 27, 2000.

Rehearing Overruled March 8, 2000.

J.K. 'Rusty' Wall, Law Office of J.K. Rusty Wall, Midland, for Appellant.

Al W. Schorre, Jr., Dist. Atty. of Midland County, Eric Kalenak, Asst. Dist. Atty., Midland, for State.

Before Panel No. 1 LARSEN, McCLURE, and CHEW, JJ.

### *OPINION*

SUSAN LARSEN, Justice.

This case involves a felony DWI conviction in which Randall Lamar Smith's indictment alleged he had six previous convictions for the offense. Finding that this case is controlled by the recent holding of the Court of Criminal Appeals in *Tamez v.*

*State*,[1] and finding harm, we reverse and remand for new trial.

### FACTS

Smith was involved in two automobile accidents the night of June 8, 1997. Smith smelled strongly of alcohol, failed several field sobriety tests, and upon inventory, his car proved to contain a six-pack beer carton holding one unopened bottle of beer, along with a half-empty, open bottle. Smith was arrested for driving while intoxicated.

Smith's indictment contained allegations of six previous DWI convictions. He filed a motion to quash the indictment, which was overruled. His motion urged (among other grounds) that alleging six previous DWI convictions would unfairly prejudice him, and that this was the State's method of offering extraneous offenses outside the guidelines of the rules of evidence. He cited Tex.R. Evid. 403 and 404(b) in support of his motion, which the trial court denied. He reurged these objections in a motion in limine and offered to stipulate to two prior DWI convictions, thus satisfying the jurisdictional requirements for a felony DWI prosecution.[2] The State declined the stipulation, and the trial court overruled Smith's objections. The indictment, including the allegation of six prior DWIs, was read to the jury. During its case-in-chief, the State offered in evidence certified copies of Smith's six prior convictions, two of which Smith affirmatively did not object to, renewing his objections on the earlier grounds to the remaining four. The trial court admitted evidence of all six convictions. The jury ultimately convicted Smith of felony DWI.

Smith appeals his conviction, raising five points of error. We find that Points Two, Three, and Four are dispositive of the case, and therefore we do not reach his Points One and Five. The dispositive points, which are closely interrelated, urge that: the trial court abused its discretion in refusing to accept Smith's stipulation to two of six prior DWIs because two previous convictions were sufficient to establish felony jurisdiction under Section 49.09(b); the trial court committed reversible error by not conducting a balancing test under Tex.R. Evid. 403 before allowing all six previous DWIs before the jury; and the trial court committed reversible error when it allowed the State to read the indictment with the six prior DWI convictions because doing so violated Tex.R. Evid. 404(b). We address the points together.

### STANDARD OF REVIEW

Our standard of review for questions involving the admission of evidence, the prejudicial effect of which substantially outweighs its probative value, is abuse of discretion.[3]

### *Unfair prejudice and conviction for character, not specific offense*

■ This case is factually identical to *Tamez v. State*,[4] and therefore it must be reversed. In *Tamez*, a DWI indictment contained allegations that defendant had six previous convictions for the offense. He offered to stipulate to two previous offenses, if the stipulation would foreclose the State from mentioning his other con-

---

1. 11 S.W.3d 198 (Tex.Crim.App. 2000).

2. TEX. PENAL CODE ANN. § 49.09(b) (Vernon Supp.2000) ("If it is shown on the trial of an offense ... that the person has previously been convicted two times of an offense relating to the operating of a motor vehicle while intoxicated, .... the offense is a felony of the third degree.").

3. *Ransom v. State*, 920 S.W.2d 288, 299 (Tex. Crim.App.1994) (opin. on reh'g), *cert. denied*, 519 U.S. 1030, 117 S.Ct. 587, 136 L.Ed.2d 516 (1996); *Montgomery v. State*, 810 S.W.2d 372, 392 (Tex.Crim.App.1990) (opin. on reh'g).

4. 11 S.W.3d 198 (Tex.Crim.App. 2000).

victions to the jury.[5]  On appeal, Tamez urged that allowing the indictment to be read containing the six previous DWI convictions was substantially more prejudicial than probative, violating TEX.R. EVID. 403, as "the jury convicted him not because it believed he was guilty of the instant DWI offense, but because it was improperly provided with such overwhelming evidence of his bad character in the form of six previous DWI convictions."[6]  Tamez, as well as Smith in the case before us here, relied on the reasoning of *Old Chief v. United States*.[7]  There, the U.S. Supreme Court reversed a conviction for felon in possession of a firearm.  The Court reasoned that where defendant offered to stipulate he was a felon, allowing the government to present evidence of the particular felony defendant had committed was of little probative value but could substantially prejudice the defendant.[8]  The Court held:

> In this case, as in any other in which the prior conviction is for an offense likely to support conviction on some improper ground, the only reasonable conclusion was that the risk of unfair prejudice did substantially outweigh the discounted probative value of the record of conviction, and it was an abuse of discretion to admit the record when an admission was available.[9]

The federal rule analyzed in *Old Chief* is substantially identical to the Texas Rule of Evidence at issue here.

In holding that the trial court erred in not accepting defendant's stipulation in *Tamez*, the Court of Criminal Appeals held:

> [A] defendant's stipulation to a previous conviction should suffice when it car-

ries the same evidentiary value as the judgments of prior convictions, yet substantially lessens the likelihood that the jury will improperly focus on the previous conviction or the defendant's 'bad character.'  Such improper focus by the jury not only violates the unfair prejudice rationale of Rule 403, it violates the basic policy of Rule 404(b).[10]

And further:

> The likelihood that the jury was improperly swayed to convict appellant after the State presented conviction after conviction was great.  The 'reasonable conclusion' mentioned in Old Chief is brought into startling relief here: when faced with appellant's apparently unflagging character as a drunk driver, the jury may have convicted him because he was a 'bad man,' not because it believed him to be guilty of the instant offense.[11]

The Court concluded that a balance must be struck between the article which authorizes reading the full indictment, and Rule 403 proscribing evidence if its probative value is substantially outweighed by the potential for unfair prejudice,[12] and

> [I]n cases where the defendant agrees to stipulate to the two previous DWI convictions, we find that the proper balance is struck when the State reads the indictment at the beginning of trial, mentioning only the two jurisdictional prior convictions, but is foreclosed from presenting evidence of the convictions during its case-in-chief....  Following this logic, any prior convictions beyond the two jurisdictional elements should not be read or proven during the State's case-in-chief—as long as the defendant stipulates to the two prior convictions—as

5.  *Id.*

6.  *Id.*

7.  519 U.S. 172, 192, 117 S.Ct. 644, 655–56, 136 L.Ed.2d 574, 594–95 (1997).

8.  *Id.*

9.  *Id.* at 191, 117 S.Ct. at 655, 136 L.Ed.2d at 594–95.

10.  *Tamez,* 11 S.W.3d 198 .

11.  *Id.*

12.  *Id.*

they are without probative value and can serve only to improperly prove the defendant's 'bad character' and inflame the jury's prejudice.[13]

Here, as in *Tamez*, the trial court allowed the State not only to read the indictment containing Smith's six previous DWIs, but also to present evidence of the convictions during its case-in-chief. Following *Tamez*, we hold that because Smith offered to stipulate to the two jurisdictional DWIs, the trial court abused its discretion in allowing the State to read the indictment containing allegations of six prior convictions.

### *Harm*

 Once we determine that the trial court erred, we must decide whether such error was harmful.[14] Tex.R.App. P. 44.2(b) provides that we must disregard any non-constitutional error that does not affect substantial rights.[15] Here, we conclude that Smith's substantial rights were clearly affected by admission of six prior convictions for the same offense he faced trial upon. Generally, our law prohibits a criminal defendant from being convicted on the basis of character evidence, of being a "bad person" rather than having committed the specific act for which he or she is on trial.[16] This prohibition is not only a substantial right, but a basic tenet of our criminal justice system. In this case, we find the risk is great that a jury, knowing that defendant Smith has been caught driving drunk on numerous earlier occasions, would for that reason find him guilty of the instant charge. A rational jury would be most likely to conclude that

someone with six convictions for DWI, and standing accused of it for a seventh time, was driving drunk.[17] Our criminal law, however, does not allow what in other contexts might be a logical, even inevitable, conclusion. This leads us to find that the inadmissable character evidence of six prior DWIs had a substantial and injurious effect on the jury's verdict, a finding which in turn leads us to determine that Smith's substantial rights were affected by the error here.[18] We sustain Smith's Points of Error Two, Three, and Four.

### *CONCLUSION*

The conviction is reversed and the case is remanded for a new trial.

---

13. *Id.*

14. *Cain v. State*, 947 S.W.2d 262, 264 (Tex. Crim.App.1997).

15. Tex.R.App. P. 44.2(b).

16. *Tamez*, 11 S.W.3d 198; *Santellan v. State*, 939 S.W.2d 155, 168 (Tex.Crim.App.1997).

17. *See Tamez v. State*, 980 S.W.2d 845, 848– 49 (Tex.App.—San Antonio 1998) (Rickhoff, J.

concurring) ("[m]y experience as a trial and appellate judge has been that with some behaviors, including chronic alcohol abuse, past behavior is in fact the single most significant factor in determining whether that person committed alcohol abuse in a given case"), *reversed by,* 11 S.W.3d 198 (Tex.Crim.App. 2000).

18. *See Lopez v. State*, 990 S.W.2d 770, 777–78 (Tex.App.—Austin 1999, no pet.).