**Joe A. TAMEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04-97-00432-CR.**

Court of Appeals of Texas,
San Antonio.

April 18, 2001.

Judith K. Wemmert, San Antonio, for Appellant.

Daniel Thornberry, Asst. Crim. Dist. Atty., San Antonio, for Appellee.

Sitting: PHIL HARDBERGER, Chief Justice, TOM RICKHOFF, Justice, KAREN ANGELINI, Justice.

**OPINION**

KAREN ANGELINI, Justice.

Joe A. Tamez appeals his conviction for the felony offense of driving while intoxicated. In one issue, Tamez claims the trial court erred in allowing the State to read to the jury portions of the indictment alleging six prior DWI convictions. We reverse the trial court's judgment and remand for proceedings consistent with this opinion.

**Factual and Procedural Background**

Tamez was indicted for the offense of driving while intoxicated. The indictment alleged that Tamez had six prior DWI convictions. Tamez offered to stipulate to two previous DWI convictions if the State would refrain from mentioning the remaining four convictions to the jury. The trial court refused and allowed the State to

read the indictment with the six prior convictions.

On appeal, Tamez argued that the six prior DWI convictions were substantially more prejudicial than probative. This court found that the previous convictions were jurisdictional elements to a felony DWI charge and that a reading of the indictment was mandatory. *Tamez v. State*, 980 S.W.2d 845, 847 (Tex.App.-San Antonio 1998), *rev'd*, 11 S.W.3d 198 (Tex.Crim.App. 2000). We affirmed the trial court's judgment. *Id.* at 848.

The Court of Criminal Appeals, however, found that the trial court erred in allowing the State to read each of the six convictions at the beginning of trial and to prove the six convictions during its case-in-chief. *Tamez v. State*, 11 S.W.3d 198, 203 (Tex.Crim.App.2000). The Court remanded this case to this court for a harm analysis. *Id.* Finding harm, we reverse and remand this cause for a new trial.

### Discussion

■ Once it has been determined that the trial court erred, we must decide whether that error was harmful to the defendant. Tex.R.App.P. 44.2. We must disregard any error that does not affect a defendant's substantial rights. *Id.* 44.2(b).

■ Generally, a criminal defendant may not be convicted of an offense based on character evidence, that is, of being a "bad person." Tex.R.Evid 404(b); *Santellan v. State*, 939 S.W.2d 155, 168 (Tex. Crim.App.1997); *Smith v. State*, 12 S.W.3d 149, 152 (Tex.App.-El Paso 2000, pet. ref'd). "This prohibition is not only a substantial right, but a basic tenet of our criminal justice system." *Smith*, 12 S.W.3d at 152.

In this case, the reading of the four prior DWI convictions, in addition to the two necessary to the trial court's jurisdic-

tion, had no probative value and likely inflamed the jury's prejudice against Tamez. *See Tamez*, 11 S.W.3d at 203. A rational jury would most likely conclude that someone convicted six times of DWI, and accused of it for a seventh time, was driving drunk. *Smith*, 12 S.W.3d at 152. We, therefore, find that the admission of the six prior DWIs negatively influenced the jury's verdict, and in doing so, affected Tamez's substantial rights. Accordingly, we reverse the trial court's judgment and remand the cause for a new trial.