

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00383-CR

JAMES HOWARD TAYLOR, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 355th District Court
Hood County, Texas
Trial Court No. CR12392, Honorable Ralph H. Walton, Jr., Presiding

August 8, 2014

OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant, James Howard Taylor, was indicted for the offense of assault on a family member or a person with whom he had a dating relationship, with a prior conviction for this offense alleged, to elevate the offense to a third-degree felony.[1] The indictment further alleged one prior felony conviction which enhanced punishment to a second-degree felony.[2] Following a trial to a jury, appellant was convicted of the

---

[1] See TEX. PENAL CODE ANN. § 22.01(a)(1), (b)(2)(A) (West Supp. 2013).

[2] See id. § 12.42(a) (West Supp. 2013).

indicted offense. After appellant entered a plea of true to the prior felony conviction, the jury assessed punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice (ID-TDCJ) for 20 years and a fine of $10,000.

Appellant has perfected his appeal, and brings forth two issues. First, appellant contends the trial court committed reversible error in admitting S-12, a picture of appellant. Second, appellant contends that the trial court committed reversible error in allowing the State to introduce two prior convictions for assault of a family member during the guilt-innocence phase. We will reverse.

## Factual and Procedural Background

Appellant does not contest the sufficiency of the evidence. Therefore, we will address only that portion of the record required to dispose of the issues presented.

Appellant and the victim, Regina Velasquez, were in an intimate relationship that had been ongoing for some time. At times during the relationship, appellant stayed at Velasquez's home. On July 29, 2012, appellant and Velasquez got into an argument at Velasquez's home. The testimony at trial was in conflict as to exactly what precipitated the argument. However, the verbal argument culminated in appellant's physical assault of Velasquez. At the conclusion of the assault, appellant left the scene. As a result of the assault, Velasquez's ten-year-old daughter went to a neighbor's home and called the 911 emergency operators. Sheriff's deputies from Hood County and emergency medical personnel were dispatched to the scene.

Testimony revealed that Velasquez suffered an injury to her arm and complained of a headache as a result of blows to her head. A paramedic who examined Velasquez

2

on the night of the assault urged her to go in the ambulance to the hospital for further examination. Velasquez declined to seek further medical attention.

Appellant was subsequently indicted for the offense of assault on a family member with a prior conviction for the same offense alleged to elevate the offense to a third-degree felony. When the indictment was returned by the grand jury, it contained two prior convictions for assault on a family member. The statute requires only one prior conviction to elevate the offense to a third-degree felony. *See id.* § 22.01(b)(2)(A).[3] Prior to trial, appellant did not file any motions contesting the fact that the indictment contained two prior jurisdictional convictions. After voir dire, during which the State spoke about the indictment and the two prior felony convictions for assault on a family member, appellant first objected to the indictment. However, the objection, as reflected in the record, was to the indictment as "Mr. Berry is going to read it."[4] Prior to this objection, there was an unrecorded bench conference between counsel and the trial court. Following trial counsel's objection, which was overruled by the trial court, the indictment was read to the jury, including both prior convictions for assault on a family member.[5] Following the reading of the indictment, the State made its opening statement. The State's opening statement included a direct reference to the two prior "family violence cases." Appellant did not object to these references.

The first time appellant offered to stipulate to the jurisdictional prior convictions was after the State had presented three witnesses during its case-in-chief. At that time,

---

[3] Further reference to the Texas Penal Code will be by reference to "§ ____."

[4] Mr. Berry was one of the prosecuting attorneys who tried the case for the State.

[5] The prior felony conviction, alleged for punishment enhancement purposes only, was not read to the jury at that time.

appellant offered to stipulate to either jurisdictional prior conviction, to include the question of identity. The offer to stipulate was not accepted by the State. The trial court did not order the stipulation entered. Thereafter, when the State offered State's exhibits 17 and 18 (S-17 and S-18), the judgments of conviction in each of the prior felony cases alleged for jurisdictional purposes, appellant renewed his objection. Both exhibits were admitted into evidence over appellant's objection.

Later during the trial, the State offered S-12, which was a picture of appellant. In the picture, appellant is wearing a shirt with the word "Animal" across the front of it. At the time the exhibit was offered, appellant objected to the exhibit on the grounds of relevancy and lack of a proper foundation being laid for the admission of the exhibit.

After the testimony was concluded, the trial court presented a proposed jury charge to counsel for the State and appellant. Appellant objected to the proposed jury charge because the charge contained references to both prior convictions that had been alleged for jurisdictional purposes. The trial court overruled the objection. Subsequently, the jury convicted appellant of assault on a family member, enhanced by a prior conviction for the same offense, and, following appellant's plea of true to the punishment enhancement paragraph, sentenced appellant to 20 years in the ID-TDCJ and assessed a $10,000 fine. This appeal followed.

Appellant contends on appeal that the trial court committed reversible error when: (1) it admitted S-12 into evidence, and (2) it allowed the State to prove two prior assault on a family member convictions during the guilt-innocence phase of the trial. We will address only appellant's second issue because it is dispositive of this appeal.

4

Two Jurisdictional Prior Convictions

Appellant contends that the trial court committed reversible error when the trial court allowed the State to introduce judgments on two separate convictions for jurisdictional purposes when only one was required. According to appellant's theory, the action of the trial court resulted in a violation of Texas Rule of Evidence 404(b). TEX. R. EVID. 404(b). [6] Rule 404(b) acts as a safeguard against a prosecutor's attempt to convince the jury that a criminal defendant must be guilty of the crime charged because he is a bad person who has previously been convicted. *See Robles v. State,* 85 S.W.3d 211, 213 (Tex. Crim. App. 2002).

Standard of Review

We review the action of the trial court in admitting the evidence of both prior convictions for family assault under an abuse of discretion standard. *See Moses v. State,* 105 S.W.3d 622, 627 (Tex. Crim. App. 2003). A trial court abuses its discretion when its decision to allow the subject evidence into the trial is beyond the zone of reasonable disagreement. *See id.*

Analysis

Appellant's contentions must be viewed through the chronology of the trial. Initially, appellant contends that he objected to the reading of the indictment containing both jurisdictional priors. However, a close reading of the record reveals that there was a bench conference, which was not recorded, that was followed by an objection from appellant. The objection was to the reading of the indictment "as Mr. Berry is going to

_____

[6] Further reference to the Texas Rules of Evidence will be by reference to "Rule____."

read it." From the record before this Court, we cannot say that the statement of appellant's counsel at that moment placed the trial court on notice as to the basis of his objection.

However, the forgoing does not preclude our consideration of the issue because before the State offered S-17 and S-18, the prior judgments of conviction, appellant offered to stipulate as to one of the convictions for purposes of establishing the jurisdictional elevation of the case to a third-degree felony. The State would not agree to the stipulation and the trial court allowed the State to introduce both convictions during the guilt-innocence phase of the trial.

According to appellant's theory, the action of the trial court in refusing to allow a stipulation to a single elemental prior felony violated the teachings of *Tamez v. State. See* 11 S.W.3d 198, 202 (Tex. Crim. App. 2000). *Tamez* involved the trial of a felony driving while intoxicated case, wherein, the State's indictment contained allegations of six prior driving while intoxicated convictions. *Id.* at 199. Prior to trial, Tamez sought to enter into a stipulation as to two prior convictions for driving while intoxicated, the requisite number to elevate the offense to a felony. *Id.* The trial court refused to allow the stipulation and the indictment with all six prior convictions was read to the jury and the jury heard the evidence as to all six prior convictions during the guilt-innocence phase. *Id.* The Texas Court of Criminal Appeals held that an appellant's offer to stipulate should have sufficed because it carries the same evidentiary value as the judgments of prior convictions. *Id. at 201.* More especially, such an offer to stipulate would lessen the likelihood that the jury would focus on the prior convictions and convict the appellant because of appellant's "bad character." *Id.* The Court of Criminal Appeals

6

then reversed the conviction and remanded the case to the intermediate appellate court for a harm analysis. *Id.* at 203. The intermediate appellate court then reversed the trial court's judgment based upon a finding of harmful error in allowing the six prior convictions to be proved up during the guilt-innocence phase of the trial. *See Tamez v. State,* 48 S.W.3d 295, 296 (Tex. App.—San Antonio 2001, no pet.).

In the case before the Court, we are dealing with an offense that requires proof that appellant had previously been convicted of assault on a family member. § 22.01(b)(2)(A). A stipulation to one of the prior convictions would have provided the State with the evidence to ensure that, if appellant was convicted, he would be convicted of a third-degree felony. Yet, the State refused the stipulation with the argument that the indictment had been read to the jury and opening statements had previously been made and that, in both instances, both prior assault on a family member convictions had been mentioned. While those facts are borne out in the record, they are not dispositive of the issue. The trial court could have easily given the jury an instruction that appellant had stipulated to the prior conviction and the jury should disregard any mention of the other prior conviction. We believe that the jury would have followed the court's instruction and such an instruction would have significantly lessened the likelihood that the jury would convict appellant because of his "bad character." *See Archie v. State*, 340 S.W.3d 734, 741 (Tex. Crim. App. 2011) (citing *Gardner v. State*, 730 S.W.2d 675, 696 (Tex. Crim. App. 1987) (en banc)).

The State also argues that *Hollen v. State,* 117 S.W.3d 798, 802 (Tex. Crim. App. 2003), requires that any stipulation offered by appellant must come before trial to be effective. The *Hollen* court was not concerned with the timing of the stipulation,

7

rather, the issue before it was whether the jury should be informed of the stipulation after it was entered into the record. *Id.* The reference to the timing of the stipulation in *Hollen* appears to us to be only a matter of recitation of factual background.

The stipulation, as offered by appellant, would address the primary concern of the *Tamez* case and its progeny: the propensity of a jury to focus on the prior convictions instead of the evidence in the present case. In other words, convicting appellant because he has a bad character, as opposed to convicting him based on the evidence alone. *See Tamez,* 11 S.W.3d at 201. We, therefore, find that the trial court abused its discretion when it refused to allow appellant to stipulate to one prior conviction for assault on a family member. *See Robles,* 85 S.W.3d at 213.

Inasmuch as we have found error, we must now determine whether such error resulted in harm to appellant. We review non-constitutional harm under the guidance of Texas Rule of Appellate Procedure 44.2(b) which provides that we disregard any error that does not affect appellant's substantial rights. TEX. R. APP. P. 44.2(b).[7] A substantial right, as used in TRAP 44.2(b), is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict. *See Scales v. State*, 380 S.W.3d 780, 786 (Tex. Crim. App. 2012). In making the harm analysis, we examine the entire trial record and calculate, as much as possible, the probable impact of the error upon the rest of the evidence. *See Coble v. State*, 330 S.W.3d 253, 280 (Tex. Crim. App. 2010).

---

[7] Further reference to the Texas Rules of Appellate Procedure will be by reference to "TRAP ____."

The record reflects that the contested issue was who instigated the argument and assault. Velasquez, the complaining witness, admitted that she bore much of the blame for igniting and reigniting the confrontation. Testimony revealed that Velasquez suffered few visible injuries, yet, appellant seemed to have suffered a number of visible injuries.

The problem with addressing harm in this case by comparing the testimony about who suffered the worst injuries is that such an analysis seems to gloss over the real problem *Tamez* was designed to eliminate. The problem of convicting a person simply because they have a bad character is the exact issue the court addressed in *Tamez*. *Tamez,* 11 S.W.3d at 202-03. When our sister court, the Fourth District Court of Appeals, received *Tamez* back on remand and addressed the issue of harm, they pointed out that, "Generally, a criminal defendant may not be convicted of an offense based on character evidence, that is, of being a 'bad person.'" *Tamez,* 48 S.W.3d at 296 (citing Rule 404(b) and *Santellan v. State,* 939 S.W.2d 155, 168 (Tex. Crim. App. 1997)). Further, the court reiterated that, "This prohibition is not only a substantial right, but a basic tenet of our criminal justice system." *Id.*

We are therefore left with the proposition that one of the previous convictions proved up during the guilt-innocence phase had no probative value, other than to raise the ire of the jury. The only distinction between *Tamez* and this case is the number of prohibited prior convictions that were introduced. This does not seem to us to be the controlling factor. Rather, the real issue is the effect this unnecessary prior conviction had on the jury's deliberation. We cannot help but think that the erroneous admission of this prior family assault conviction negatively influenced the jury's verdict. Accordingly,

9

we sustain appellant's second issue.  Having sustained appellant's second issue, we need not address the matters contained in appellant's first issue.  *See* TRAP 47.1.

Conclusion

The trial court's judgment is reversed and the cause remanded to the trial court for a new trial.


        Mackey K. Hancock
           Justice


Publish.