

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-13-00383-CR

---

JAMES HOWARD TAYLOR, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 355th District Court
Hood County, Texas
Trial Court No. CR12392, Honorable Ralph H. Walton, Jr., Presiding

---

September 23, 2014

## ORDER

### Before CAMPBELL, and HANCOCK and PIRTLE, JJ.

Appellant, James Howard Taylor, has filed a motion in which he requests that this Court set reasonable bail pending final disposition of his appeal. We grant his motion.

Appellant appealed his conviction by jury of the offense of assault on a family member or a person with whom he had a dating relationship, which was elevated to a third-degree felony due to a prior conviction for the same offense. *See* TEX. PENAL

CODE ANN. § 22.01(a)(1), (b)(2)(A) (West Supp. 2014).  The punishment for the offense was enhanced to that of a second-degree felony by virtue of proof of a prior felony conviction.  *See id.* § 12.42(a) (West Supp. 2014).  As a result of this conviction, appellant was sentenced to imprisonment for a period of twenty years and a $10,000 fine.

After concluding that the trial court committed reversible error in allowing the State to introduce two prior convictions for assault on a family member during the guilt-innocence phase of trial, we rendered judgment reversing the conviction and remanding the cause for a new trial.  *See Taylor v. State*, No. 07-13-00383-CR, 2014 Tex. App. LEXIS 8750, at *12 (Tex. App.—Amarillo Aug. 8, 2014, no pet. h.).

By his motion, appellant requests that this Court issue an order releasing appellant on his own recognizance.  The State filed a response to appellant's motion requesting that this Court set appellant's bail at $10,000, and specifically impose certain restrictions including restraining appellant from having contact with the alleged victim, restricting appellant from being at or near certain locations associated with the alleged victim, imposing a home curfew on appellant, and prohibiting appellant from consuming alcoholic beverages or illegal drugs.

We are authorized to set bail upon request by an appellant in the following circumstances:

> If a conviction is reversed by a decision of a Court of Appeals, the defendant, if in custody, is entitled to release on reasonable bail, regardless of the length of term of imprisonment, pending final determination of an appeal by the state or the defendant on a motion for discretionary review.  If the defendant requests bail before a petition for

discretionary review has been filed, the Court of Appeals shall determine the amount of bail. If the defendant requests bail after a petition for discretionary review has been filed, the Court of Criminal Appeals shall determine the amount of bail. The sureties on the bail must be approved by the court where the trial was had. The defendant's right to release under this subsection attaches immediately on the issuance of the Court of Appeals' final ruling as defined by Tex.Cr.App.R. 209(c).

TEX. CODE CRIM. PROC. ANN. art. 44.04(h) (West 2006). So, having reversed appellant's conviction and having been requested to set bail at a time prior to the filing of a petition for discretionary review, we have authority to consider appellant's motion.

While article 44.04(h) directs that the defendant be released on reasonable bail, it does not specify the factors we are to consider when determining the appropriate sum. Certain general rules govern the amount of bail to be required:

1. The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.

2. The power to require bail is not to be so used as to make it an instrument of oppression.

3. The nature of the offense and the circumstances under which it was committed are to be considered.

4. The ability to make bail is to be regarded, and proof may be taken upon this point.

5. The future safety of a victim of the alleged offense and the community shall be considered.

*Id.* art. 17.15 (West 2005).

To set a bail that is sufficiently high to give reasonable assurance that appellant will comply with the requirements that will arise in this proceeding while avoiding setting bail so high that it might be oppressive, we must consider appellant's financial resources. *See id.* In a declaration of inability to pay costs executed by appellant on

3

August 21, 2014, appellant represented that he is currently incarcerated, has $0.11 in his inmate trust account, and receives approximately $40.00 per month as gifts from friends and relatives. However, on his pretrial bond, appellant swore that he owned nonexempt property worth $10,000.

The State responds citing appellant's criminal history as a basis for setting a higher bail. As the State notes, appellant has been convicted of two prior family violence offenses as well as a number of other offenses.

With respect to the likelihood that the Texas Court of Criminal Appeals will reverse our decision, we are respectfully hesitant to predict the high court's disposition of a petition for discretionary review in this case and will go only so far as to say that we remain confident that our decision employed the proper standard of review and that the admission of evidence of two prior convictions for family violence during guilt-innocence constituted reversible error. Consequently, we are confident that our disposition of the case was correct under the law.

Appellant's pretrial bail was originally set at a $10,000 personal recognizance bond. We believe that this is a reasonable bail amount. It was sufficient assurance for appellant to appear at the first trial and we have no reason to believe that it will not be sufficient to ensure that appellant will comply with the requirements that will arise during the pendency of this appeal. While the State requests the inclusion of certain terms and conditions, we note that appellant's pretrial bond did not include any of these terms and conditions and, therefore, conclude that such are unnecessary to be included in bail pending appeal. Considering the factors on which we have been provided information

4

and endeavoring to strike a balance between ensuring appellant's presence and avoiding oppressive bail, we GRANT appellant's motion for reasonable bail pending final determination of appeal and order that appellant be released from incarceration on his own recognizance with his bail set at $10,000.00. *See* TEX. CODE CRIM. PROC. ANN. art. 44.04(h).

It is so ordered.

Per Curiam

Do not publish.