ACCEPTED
13-15-000223-CR
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
10/30/2015 11:13:51 AM
Dorian E. Ramirez
CLERK

No. 13-15-00223-CR

****

IN THE COURT OF APPEALS
THIRTEENTH DISTRICT OF TEXAS
CORPUS CHRISTI-EDINBURG, TEXAS

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
10/30/2015 11:13:51 AM
DORIAN E. RAMIREZ
Clerk

***

LEE SANCHEZ,
APPELLANT

V.

THE STATE OF TEXAS,
APPELLEE

****

**BRIEF OF APPELLANT**

Jacqueline Del Llano Chapa
State Bar No. 05652480
P.O. Box 81437
Corpus Christi, Texas 78468-1437
Telephone: (361) 653-2269
Telecopier: (361) 881-8999
Email: jchapa1@grandecom.net
Attorney for Appellant
Lee Sanchez

**ORAL ARGUMENT REQUESTED**

.

## IDENTITY OF PARTIES COUNSEL

**Appellant's Attorney**

Jacqueline Del Llano Chapa
State Bar No. 05652480
P.O. Box 81437
Corpus Christi, Texas 78468
Telephone: (361) 653-2269
Facsimile: (361) 881-8999

**Trial Attorney**

Mr. Eric Perkins
State Bar No. 15785060
2818 S. Port
Corpus Christi, Texas 78405
Telephone:(361) 853-2120

**Appellant:**

Mr. Lee Sanchez
Texas Department of Criminal Justice

**Appellee's Trial Attorney**

Ms. Jennifer Paige Dorsey
Assistant District Attorney
State Bar No. 24036494

Mr. Chris Morrell
State Bar No. 24077383
Assistant District Attorney
Nueces County Courthouse
901 Leopard, Room 206
Corpus Christi, Texas 78401
Telephone:( 361) 888-0410
Facsimile: (361) 888-0700

# TABLE OF CONTENTS

Identity of the Parties and Counsel     i

Table of Contents     ii

Index of Authorities     iii

Brief of Appellee     1

Statement of the Case     2

Issues Presented     3

Statement of the Facts     3

Summary of Argument     5

Argument and Authorities     6

Prayer     11

Certificate of Service     12

Certificate of Compliance     12

# INDEX OF AUTHORITIES

*Aldrich v. State*, 296 S.W. 3d, 225, 260
    (Tex.App.-Fort Worth, 2009, disc. review ref'd)        9

*Barfield v. State,* 63 S.W. 3d 446, 448 (Tex.Crim.App. 2001)        7

*Hollen v State*, 117 S.W. 3d, 798, 802 (Tex.Crim.App. 2003)        7

*Johnson v. State*, 286 S.W. 3d, 346,348-349 (Tex Crim.App. 2009)    8,10

*McIntire v. State*, 698 S.W. 2d 652, 659 (Tex.Crim.App. 1985)    11

*Sults v. State*, 23 S.W. 3d, 198, 206
    (Tex. Crim. App.-Houston, [14th Dist.] 2000)        11

*Tamez v. State* 11 S.W. 3d 198, 201 (Tex.Crim.App. 2000)        6

*Taylor v. State*, 442 S.W. 3d 747, 751
    (Tex. App.- Amarillo, 2014, review ref'd)        7

*Warren v. State,* 693 S.W.2d 414, 415 (Tex.Crim.App. 1985)    6,7

Article 36.01 CCP        6

Article 42.03 CCP        6,8,9

NO. 13-15-00223-CR

\*\*\*

IN THE COURT OF APPEALS
THIRTEENTH DISTRICT OF TEXAS
CORPUS CHRISI-EDINBURG, TEXAS

\*\*\*

LEE SANCHEZ,
APPELLANT,

v.

THE STATE OF TEXAS
APPELLEE
\*\*\*

APPEAL FROM THE 28TH DISTRICT COURT
NUECES COUNTY, TEXAS

\*\*\*

**BRIEF OF APPELLANT**

TO THE HONORABLE JUSTICES OF THE THIRTEENTH COURT OF
APPEALS:

Appellant, Lee Sanchez, respectfully presents this Brief of Appellant.

Appellant will be referred to by name or as Appellant.  Appellee will be referred to

as the State or Appellee.  As will be discussed, this Court should overturn the

conviction of Lee Sanchez.

1.

## STATEMENT OF THE CASE

Appellant was charged by indictment of two counts of assault. Count I charged that appellant intentionally, knowingly or recklessly caused bodily injury to Christina Aparicio, a member of defendant's family or a member of the defendant's household, or a person with whom the defendant has or has had a dating relationship as described in the Texas Family Code, by intentionally, knowingly or recklessly impeding the normal breathing or circulation of the blood of said victim by applying pressure to the throat and or blocking the nose or mouth of the victim. Count II charged that appellant intentionally, knowingly or recklessly caused bodily injury to the victim, a member of the defendant's family or a member of the defendant's household, or a person with whom the defendant has or has had a dating relationship as described in the Texas Family Code by striking said victim with defendant's hand. Each count of the indictment alleged the defendant had been previously convicted of family violence assault.

Counsel for the State and the defendant stipulated to the prior criminal convictions of the defendant, which were jurisdictional elements of the offense, before the trial court. The stipulation was read to the trial judge before the reading of the indictment. The jurisdictional elements of the indictment for Counts I and II were not read to the jury; the stipulation of the parties was not read to the jury,

2.

nor did the jury charge contain the jurisdictional element for the jury to consider in deliberations.

Appellant was found not guilty of Count I and was found guilty of Count II.

Appellant elected the trial court judge to assess punishment, which was assessed at ten (10) years in the Texas Department of Corrections.

## ISSUES PRESENTED

No evidence was presented to the jury as the fact finder in the guilt-innocence phase of the trial as to the prior conviction which elevates the assault to a third-degree felony, nor was there a finding of true by the jury as to the prior conviction. Without evidence to substantiate the enhanced assault, the charged offense is a misdemeanor.

The trial court erred in allowing the victim to make a statement to the Court prior to the Court pronouncing sentence.

The trial court erred in denying appellant a mistrial due to a juror having overheard the victim and a third person speak about outside evidence that was not presented in the case.

## STATEMENT OF FACTS

Counsel for the State and the defendant entered into a stipulation concerning the prior jurisdictional offenses alleged in the indictment, which

3.

stipulation was recited to the trial court judge before the jury entered the courtroom. (R.R. Vol. 3, pp. 5-7). Counsel for the State read the indictment to the jury, which reading did not include the jurisdictional elements of the prior convictions of the defendant. (R.R. Vol. 3, pp. 16-17). The stipulation was never read or recited to the jury. There was no written stipulation of the parties prepared and none was offered into evidence before the jury.

Christina Aparicio, the complaining witness, testified that she and appellant had a dating relationship, and began living together. (R.R. Vol. 3, pp. 23-24). Ms. Aparicio further testified she and appellant were arguing throughout the day via text messages and phone calls. (R.R. Vol. 3 pg. 25). The complaining witness testified that later that night appellant walked up to her while she was in bed and pressed his knuckles into her temple for about five or six seconds, which caused her pain. (R.R. Vol. 3 pg. 29). Appellant left the room and later that same evening returned to the room. (R.R. Vol. 3 pg. 32). The two proceeded to argue. Appellant, according to the complaining witness, grabbed her with one hand and was choking her at the throat, further stating that she could not breath and was light headed. (R.R. Vol. 3 pg. 34).

The jury found the defendant not guilty of Count 1, the assault by choking. The jury found the defendant guilty of Count 2 felony assault. There was no

4.

evidence presented to the jury to find the defendant guilty of a prior conviction giving the district court jurisdiction.

## SUMMARY OF THE ARGUMENT

Appellant was indicted for an assault that is a third-degree felony by way of a prior conviction of the same offense. This is an offense that requires proof that the appellant had previously been convicted of assault on a family member. The indictment was read to the jury at the beginning of the guilt-innocence phase and the defendant entered a plea of Not Guilty. However, the jurisdictional paragraph alleging the prior assault that elevates the indicted assault to a third-degree felony was not read to the jury nor was a plea entered by appellant to the jurisdictional element being the prior assault. Additionally, the prior conviction was not in the jury charge for the jury to consider. Without evidence necessary to make a finding of a prior conviction, the assault which appellant was found guilty of is a misdemeanor and not a felony. Appellant elected to go to the Court for punishment. After testimony was taken the trial court allowed the victim to speak to the court and the statement by the victim was not cross-examined by appellant's trial counsel. After the victim's statement the court pronounced sentence. Appellant was sentenced to ten years in the Texas Department of Corrections.

## ARGUMENT AND AUTHORITIES

Appellant was charged with a third degree felony assault. This is an offense that requires evidence be offered to the trier of fact that the appellant had previously been convicted of assault on a family member.   The prior conviction of assault is jurisdictional because the State must indict and prove at least one  prior family assault to elevate the misdemeanor assault to a felony offense.  Texas Penal Code 22.01 (b)(2)(A).  The Code of Criminal Procedure Article 36.01(a)(1) states that the indictment shall be read to the jury. The purpose of reading the indictment is not only to inform the defendant of the charge(s) against him, but also to inform the jury of the precise terms of the particular charge against the accused.  *Warren v State,* 693 S.W.2d 414, 415 (Tex.Crim.App. 1985); *Tamez v State* 11 S.W. 3d 198, 201 (Tex.Crim.App. 2000). The statute allows for an exception to reading a portion of the indictment; when prior convictions are alleged for enhancement purposes only, then that portion should not be read to the jury. Article 36.01(a)(1) Texas Code of Criminal Procedure.  However, in the present case the prior convictions were jurisdictional and were not alleged for enhancement purposes only.

When no plea is entered to allegations in an indictment, in this case a plea to jurisdictional elements of the alleged offense, there is no issue joined for which to

try. *Warren v. State* at p. 415. The case before this court deals with an offense that requires proof of a prior conviction of the same offense. In the instant case the prior conviction was not read to the jury at the beginning of the trial, therefore no plea was made to the prior conviction. Appellant stipulated to the prior conviction, and the stipulation was provided to the trial court judge prior to trial, but never presented to the jury at any time during the course of the guilt-innocense phase of trial. A stipulation by the accused has evidentiary value as other evidence. *Taylor v State*, 442 S.W. 3d 747, 751 (Tex. App.- Amarillo, 2014, review ref'd). However, the trial court judge was not the fact finder; the appellant was tried by a jury.

A stipulation of evidence must come before the jury to be effective. *Hollen v State*, 117 S.W. 3d, 798, 802 (Tex.Crim.App. 2003). *Hollen* involved a felony DWI, the court indicating "that the jury should be informed of the stipulation, as the two prior convictions are elements of the offense that must be proven to the factfinder-in this case to the jury-to establish the offense of felony DWI." *Id. See also Barfield v. State,* 63 S.W. 3d 446, 448 (Tex.Crim.App. 2001)(previous convictions are jurisdictional elements of the offense which must be proved to obtain a conviction of felony DWI). The case before this court, similarly, involves prior convictions as elements of the offense, however the prior convictions were

7.

not proven to the jury as the factfinder in this case.

While the defendant's counsel stated on the record before the trial judge that he stipulated to the prior convictions, such stipulation was never presented to the jury or offered in evidence. (R.R. Vol 3, p. 5-6).

After the jury returned a verdict of guilty to count 2 of the indictment, the court proceeded to punishment. Appellant argues the trial court judge wrongfully permitted the complaining witness to give a statement to the court prior to the imposition of punishment and sentencing. The Code of Criminal Procedure Article 42.03 Sec.1(b) states that a victim is allowed to make a statement to the court on their views about the offense, the defendant and the effect of the offense on the victim. The court reporter may not transcribe the statement. Article 42.03 further dictates in subsection (b)(3) that the statement must be made **after** sentencing. *Id*., emphasis added. Case law examining this statute pertaining to victim statements state such statements can be made only after sentencing "in order to alleviate any risk that the statement might affect the partiality of the fact finder at the punishment phase." *Johnson v. State*, 286 S.W. 3d, 346,348-349 (Tex Crim.App. 2009). The *Johnson* court went on to recognize the "purpose of article 42.03 section 1(b) is to protect the trial judge from any implicit or explicit accusations that he could be or would be influenced by the victim-allocution

8.

statement. It is the appearance of possible influence, as much as the possible fact of influence, that the statute guards against. *Id*. at p. 351. It has also been determined a defendant's substantial rights are affected when the trial court commits error in admitting statements before assessment of punishment and sentencing in violation of article 42.03, section 1(b). *Aldrich v. State*, 296 S.W. 3d, 225, 260 (Tex.App.-Fort Worth, 2009, disc. review ref'd).

Here, the Court asked the victim is she would like to make a statement before the court pronounced sentence. (R.R Vol. 4, p. 66). The victim spoke about being physically and internally permanently scarred. (R.R Vol 4, pg 67). The victim stated that had he just her just as hard but in a different place, she could have died. (R.R Vol 4, pg 67). The victim made a plea for the women in the future that appellant will come into contact with. (R.R Vol 4, pg 68). Appellant's counsel did not request to cross examine the victim as to the statement that was made. The statement was made in violation of Article 42.03, section 1(b), Texas Code of Criminal Procedure.

Appellant was not rest assured that the sentence that he received was based only on the evidence presented. Rather, in this case, because the victim was allowed to make a statement as to her injuries, how the incident affected her, what could have happened to her and the plea to help not only her but other women he

may come in contact with in the future, there was a clear " risk that the statement might affect the partiality of the fact finder at the punishment phase." *See Johnson v. State* at pp. 348-349. Immediately following the victim statement, Appellant was sentenced by the court to the maximum amount of time for this offense, 10 years in Texas Department of Corrections for this third degree felony.(R.R. Vol. 4, p. 68). There was no medical evidence of injuries. The victim impact statement could have easily influenced the Court sentencing the appellant to the maximum ten years in the Texas Department of Corrections in violation of the Code of Criminal Procedure.

Appellant further complains the trial court erred in denying appellant the request for mistrial when a juror overheard the victim and a third person speak about evidence that was not presented in the case. Specifically, a juror, which turned out to be the presiding juror in the case, informed the court and counsel she heard the complaining witness "discussing the part of the case where she had gone to the ER and also the part where the defendant's attorney was questioning her on that, and her friend said, 'Well why didn't you tell them to bring up another witness'" The juror then made assumptions about the outside evidence that she received. (R.R. Vol. 3 p. 106).

When a juror converses with an unauthorized person about the case,

10.

"[h]arm to the accused is *presumed*." *Sults v. State*, 23 S.W. 3d, 198, 206 (Tex. Crim. App.-Houston, [14th Dist.] 2000). *emphasis in original*. Additionally, when a witness makes a remark to a juror about the appellant's case, the exchange does not have to be a full discussion of the specifics of the case before harm results. *See McIntire v. State*, 698 S.W. 2d 652, 659 (Tex.Crim.App. 1985).

## PRAYER

Appellant, Lee Sanchez, respectfully requests this Court overturn Appellant's conviction, dismiss the case and award such other and further relief to which he is justly entitled.

**Respectfully Submitted,**

Jacqueline Del Llano Chapa
Attorney at Law
P.O. Box 81437
Corpus Christi, Texas 78468
Telephone: 361-653-2269
Facsimile: 361-881-8999

By: /s/Jacqueline Del Llano Chapa
Jacqueline Del Lano Chapa
State Bar No. 05652480
Attorney for Appellant

11.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Appellant's Brief has been served in accordance with the Texas Rules of Appellate Procedure, via facsimile and or e-service to all counsel of record on this 30th day of October, 2015:

Mr. Doug Norman
Nueces County District Attorney's Office
901 Leopard Street, Room
Corpus Christi, Texas 78401

/s/Jacqueline Del Llano Chapa
Jacqueline Del Llano Chapa
Attorney for Appellant
Lee Sanchez

## CERTIFICATE OF COMPLIANCE

I hereby certify that the undersigned counsel is in compliance with the Texas Rules of Appellate Procedure and that the number of words in this brief is 2,808, exclusive of items listed in Rule 9.4(i)(1).

/s/Jacqueline Del Llano Chapa
Jacqueline Del Llano Chapa

12.