

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-22-00252-CR

———————————————

BRIAN KRISTOFER COLLINS, Appellant

V.

THE STATE OF TEXAS

On Appeal from Criminal District Court No. 2
Tarrant County, Texas
Trial Court No. 1690529R

Before Bassel, Womack, and Wallach, JJ.
Memorandum Opinion by Justice Bassel

**MEMORANDUM OPINION**

Appellant Brian Kristofer Collins appeals his convictions for assault–family violence enhanced and assault by contact.[1]  In two issues, Collins argues that the trial court erred by allowing evidence of his prior convictions for family violence to be introduced during the guilt–innocence phase and that even if the introduction of prior-conviction evidence during the guilt–innocence phase was proper, the trial court nevertheless erred by allowing the State to introduce evidence of two separate prior convictions—one for each of the two counts charged in the indictment—when only one would have sufficed for both counts.  Because we hold (1) that Collins's prior assault–family violence convictions constituted an element of the charged felony assault–family violence offenses and were therefore properly introduced during guilt–innocence and (2) that the State was not required to allege the same prior conviction in each of the indictment's two counts, we affirm.

## I. BACKGROUND

Complainant began dating Collins in 2014 or 2015.  During the course of their dating relationship, Collins committed multiple acts of violence against Complainant.  In 2015, Collins punched Complainant and attempted to strangle her.  When she tried to leave to call 911, Collins pulled her back into their house by her hair.  Based on this incident, Collins was ultimately charged and convicted of assault–family violence.

___

[1]As more fully discussed below, Collins was indicted for two counts of assault–family violence.  Following a jury trial, he was convicted on the second count and convicted of the lesser-included offense of assault by contact on the first count.

Eventually, Complainant allowed Collins to move back into her home. After Collins attacked her again, she broke up with him.

In 2020, although Complainant and Collins were no longer dating, Complainant agreed to let Collins stay at her apartment for a few days. One afternoon during his stay, Collins jumped on Complainant and pinned her arms and legs down. She testified that after pinning her down, Collins yelled and spit at her and then began choking and smothering her. According to Complainant, she was unable to breathe and lost consciousness at one point during the episode. After Collins finally fell asleep, Complainant ran to a nearby convenience store and called police.

Collins was arrested and indicted for assault–family violence by impeding breath with a prior conviction (Count One), *see* Tex. Penal Code Ann. § 21.01(a)(1), (b-3), and assault–family violence with a prior conviction (Count Two), *see id.* § 21.01(b)(2)(A).

Before trial, Collins objected to the prior-conviction allegation in Count One of the indictment. Specifically, Collins objected to the State's including allegations concerning two different prior convictions for Counts One and Two when only one such prior conviction was necessary, arguing that it was "very harmful" to Collins's defense for the State "to get to say he's got not only one, but two prior convictions." The trial court overruled Collins's objection and granted him a running objection to the evidence of the prior conviction alleged in Count One.

3

Collins pleaded not guilty , and the trial court conducted a jury trial. The jury convicted Collins on Count Two and found him guilty of the lesser-included offense of assault by contact on Count One. The trial judge sentenced Collins to twenty years in prison on Count Two[2] and imposed a $500 fine for the assault-by-contact offense. This appeal followed.

## II. DISCUSSION

On appeal, Collins raises two issues. First, he argues that the trial court erred by allowing the State to inform the jury of his prior conviction for assault–family violence alleged in Count One of the indictment during the guilt–innocence phase of the trial. Second, he argues that even if it were proper for the State to introduce evidence of a prior conviction during the guilt–innocence phase, the trial court nevertheless erred by allowing the State to introduce evidence of two separate prior convictions—one for Count One and another for Count Two—when only one would have sufficed for both counts. Collins's arguments lack merit.

### A. Standard of Review

We review a trial court's decision to admit or exclude evidence under an abuse of discretion standard. *Zuliani v. State*, 97 S.W.3d 589, 595 (Tex. Crim. App. 2003); *Montgomery v. State*, 810 S.W.2d 372, 379 (Tex. Crim. App. 1990). We will not reverse a

---

[2]Although the offense in Count Two is a third-degree felony, *see* Tex. Penal Code Ann. § 21.01(b)(2)(A), because Collins pled "true" to the indictment's enhancement paragraph alleging that he was a habitual felony offender, his Count Two offense was punishable as a second-degree felony, *see* Tex. Penal Code Ann. § 12.42(a).

trial court's decision to admit or exclude evidence unless the record shows a clear abuse of discretion. *Zuliani*, 97 S.W.3d at 595. An abuse of discretion occurs only when the trial court's decision was so clearly wrong as to lie outside that zone within which reasonable persons might disagree. *Id.*

Even if a trial court improperly admits evidence, such an error generally does not warrant reversal unless it affects an appellant's substantial rights. *See* Tex. R. App. P. 44.2(b). "A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict." *Coble v. State*, 330 S.W.3d 253, 280 (Tex. Crim. App. 2010). Improperly admitted evidence that did not influence the jury or had but a slight effect on the verdict is harmless. *Id.* Further, a trial court's error in improperly admitting evidence may be rendered harmless if other evidence that proves the same facts as the inadmissible evidence is admitted without objection. *See Valle v. State*, 109 S.W.3d 500, 509–10 (Tex. Crim. App. 2003).

## B. Issue One: The Prior Conviction Is an Element of the Offense

In his first issue, Collins argues that the trial court erred by allowing the State to inform the jury of the prior conviction alleged in Count One of the indictment during the guilt–innocence phase of trial. Collins contends that the evidence of his prior conviction was not "jurisdictional" and therefore should not have been introduced until the trial's sentencing phase because (1) the State had already alleged a different prior conviction in Count Two of the indictment and (2) the prior conviction was not necessary to vest the trial court with jurisdiction since the Count One offense would

5

have been a third-degree felony even without the inclusion of the prior-conviction allegation in the indictment. *See* Tex. Code Crim. Proc. Ann. art. 36.01(a)(1).

This issue has been thoroughly analyzed and resolved contrary to Collins's position. Both the Texas Court of Criminal Appeals and numerous intermediate appellate courts—including this court—have concluded that proof of a prior assault conviction is an element of the offense of felony assault–family violence and thus must be proven beyond a reasonable doubt during the trial's guilt–innocence phase. *See, e.g.*, *Holoman v. State*, 620 S.W.3d 141, 146–47 (Tex. Crim. App. 2021) (holding that Section 22.01(b)(2)(A)'s "prior-assault-on-a-family-member-conviction" provision "establishes an element of an aggravated crime and not, alternatively, a punishment enhancement"); *Walker v. State*, No. 02-19-00309-CR, 2020 WL 7063298, at *2–3 (Tex. App.—Fort Worth Dec. 3, 2020, no pet.) (mem. op., not designated for publication) (recognizing that "almost all of the fourteen Texas intermediate appellate courts have concluded that proof of a prior assault conviction is an element of the offense of felony assault–family violence" and agreeing with these prior decisions).

Although Collins does not mention *Holoman* in his brief, he attempts to distinguish *Walker* by pointing out that, unlike the present case in which the prior conviction simply elevated Count One from a third-degree to a second-degree felony, Walker's prior conviction elevated his offense from a mere misdemeanor to a third-degree felony. *See Walker*, 2020 WL 7063298, at *1. Collins contends that because Count One would have been a felony even without the prior conviction—meaning

6

that the prior conviction was not necessary to vest the trial court with jurisdiction, *see* Tex. Code Crim. Proc. Ann. art. 4.05—the prior conviction was not "jurisdictional" and therefore should not have been introduced until the trial's punishment phase, *see id.* art. 36.01(a)(1). However, the Texas Court of Criminal Appeals has specifically rejected such an ad hoc method of determining the jurisdictional nature of a prior-conviction provision in favor of a categorical approach. *See Holoman*, 620 S.W.3d at 144–46. In *Holoman*, the State Prosecuting Attorney argued that the court should regard the proof of the appellant's prior assault-on-a-family-member conviction as a matter of punishment enhancement only because the State did not have to invoke the Section 22.01(b)(2)(A) prior-conviction provision to confer subject-matter jurisdiction on the trial court in that particular case. *Id.* at 146. Rejecting this argument, the Texas Court of Criminal Appeals held that regardless of whether the State relies upon Section 22.01(b)(2)(A) to invoke the trial court's subject-matter jurisdiction in a particular case, "it is not a mere punishment-enhancing aggravator." *Id.* at 146.

In light of our prior decision in *Walker*, 2020 WL 7063298, at *2–3, and the binding authority that speaks clearly on this issue from the Texas Court of Criminal Appeals, *see Holoman*, 620 S.W.3d at 146–47, we overrule Collins's first issue.

### C. Issue Two: The State Was Not Required to Allege the Same Prior Conviction in Both Counts

In his second issue, Collins argues that the trial court erred by allowing the State to inform the jury of his prior conviction alleged in Count One because it had

7

alleged a different prior conviction in Count Two.[3]  In essence, Collins appears to

assert either (1) that the State is prohibited from listing two different prior convictions

as offense elements in two separate counts or (2) that if the State chooses to list

different prior convictions in two separate counts, it should nevertheless be allowed to

introduce evidence of only one of the prior convictions during the guilt–innocence

phase of trial.[4]  However, Collins fails to cite any relevant authority supporting either

of these propositions.

Instead, Collins relies primarily on two cases, *Tamez v. State*, 11 S.W.3d 198

(Tex. Crim. App. 2002), and *Taylor v. State*, 442 S.W.3d 747 (Tex. App.—Amarillo

2014, pet. ref'd), that are not on point.  In *Tamez*, the appellant was charged with one

count of driving while intoxicated (DWI).  11 S.W.3d at 199.  Under Penal Code

Section 49.09(b), DWI is a third-degree felony if the defendant has two prior DWI

---

[3]We note that Collins's argument is limited to the admission of the evidence of his prior conviction alleged in Count One; he does not challenge the admission of the evidence concerning his prior conviction alleged in Count Two.  Indeed, because Collins failed to complain at trial about the evidence of the prior conviction alleged in Count Two, he has forfeited any error concerning its admission.  *See* Tex. R. App. P. 33.1(a); *Lovill v. State*, 319 S.W.3d 687, 691 (Tex. Crim. App. 2009).

[4]To the extent that Collins asserts that the trial court's admission of the evidence of his prior conviction alleged in Count One was erroneous under Rule 403 because its probative value was outweighed by the danger of unfair prejudice, *see* Tex. R. Evid. 403, he has forfeited that complaint because he failed to assert a Rule 403 objection at trial.  *See* Tex. R. App. P. 33.1(a); *Lovill*, 319 S.W.3d at 691–92 (noting that an issue is not preserved "if the legal basis of the complaint raised on appeal varies from the complaint made at trial"); *see also Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002) (admonishing that for error to be preserved, the appellant's "point of error on appeal must comport with the objection made at trial").

convictions. Tex. Penal Code Ann. § 49.09(b). Although the statute only required two prior convictions to elevate appellant's DWI offense to a felony, the indictment alleged that the appellant had six prior convictions. *Tamez*, 11 S.W.3d at 199. Before trial, the appellant offered to stipulate to two previous convictions if the trial court would prohibit the State from mentioning his prior convictions to the jury, but the trial court refused. *Id.* Accordingly, during the guilt–innocence phase of trial, the State informed the jury of all six of the appellant's prior DWI convictions. *Id.* The Court of Criminal Appeals, holding that any prior convictions "beyond the two jurisdictional elements should not [have] be[en] read or proven during the State's case-in-chief," reversed the appellant's conviction. *Id.* at 202–03.

Similarly, in *Taylor*, the appellant was charged with one count of felony assault–family violence. 442 S.W.3d at 749. Although the relevant statute only required one prior conviction to elevate the offense to a third-degree felony, the indictment alleged two prior convictions. *Id.* The Amarillo Court of Appeals held that the trial court had abused its discretion by allowing the State to read both prior convictions to the jury during the trial's guilt–innocence phase. *Id.* at 751.

Both *Tamez* and *Taylor* are distinguishable from the present case. Crucially, both of these cases involved one-count indictments. *See Tamez*, 11 S.W.3d at 199; *Taylor*, 442 S.W.3d at 749. Thus, these cases do not—indeed cannot—stand for the proposition that the State must allege the same prior conviction in each count of a multi-count indictment. Nor do they support the proposition that evidence proving a

9

prior conviction alleged in one count of an indictment suffices for another count alleging a different prior conviction.

At best (from Collins's standpoint), these cases stand for the proposition that a trial court abuses its discretion by allowing the State to put on evidence of more prior convictions than necessary to prove the statutory elements of the offense as modified by the charging instrument. *See Curry v. State*, 30 S.W.3d 394, 404 (Tex. Crim. App. 2000). But the State did not violate this principle in this case. The State was required to prove a prior assault conviction as an element of each offense with which Collins was charged. *See* Tex. Penal Code Ann. § 21.01(b)(2)(A), (b-3); *Holoman*, 620 S.W.3d at 146–47. Moreover, because the indictment alleged different prior convictions in Counts One and Two, the State was required to prove each of these separate prior convictions beyond a reasonable doubt. *See Curry*, 30 S.W.3d at 404 (holding that a hypothetically correct jury charge must set forth "the statutory elements of the offense . . . as modified by the charging instrument"); *see also Gollihar v. State*, 46 S.W.3d 243, 254 (Tex. Crim. App. 2001) ("[T]he indictment [is] the basis for the allegations which must be proved . . . ." (quoting *Planter v. State*, 9 S.W.3d 156, 159 n.5 (Tex. Crim. App. 1999))). This is exactly what the State did. Unlike *Tamez* and *Taylor*, the trial court did not allow the State to present evidence of additional prior convictions beyond those needed to prove the elements of the charged offenses as modified by the indictment. Thus, the trial court did not abuse its discretion. *See Zuliani*, 97 S.W.3d at 595.

10

Even if we were to conclude that the trial court erred by admitting the evidence concerning the prior conviction alleged in Count One, reversal would not be warranted because Collins has not shown that he was harmed by the evidence's admission. *See Hankins v. State*, 180 S.W.3d 177, 182 (Tex. App.—Austin 2005, pet. ref'd) (recognizing that the erroneous admission of a prior conviction is subject to a non-constitutional harm analysis); *see also* Tex. R. App. P. 44.2(b); *Coble*, 330 S.W.3d at 280. While Collins's brief states in a conclusory fashion that "the State prejudiced [him]" by "inserting an entirely different prior conviction into [C]ount [O]ne of th[e] indictment," he does not state with particularity how he was harmed or how his substantial rights were prejudiced. *See* Tex. R. App. P. 38.1(i) (requiring an appellant's brief to include "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record"). Any claim of harm concerning the admission of the Count One prior-conviction evidence is undermined by the fact that the jury did not convict Collins of the offense alleged in Count One but instead merely found him guilty of the lesser-included offense of assault by contact. *Cf. Casey v. State*, 215 S.W.3d 870, 885 (Tex. Crim. App. 2007) (holding trial court's admission of prejudicial evidence to be harmless error because the jury acquitted one of the defendants and convicted appellant of a lesser-included offense); *Fish v. State*, 609 S.W.3d 170, 183 (Tex. App.—Houston [14th Dist.] 2020, pet. ref'd) ("[I]t is unlikely the jury harbored a reasonable doubt on the manslaughter charge, but convicted him nonetheless based on any unfair prejudice from the extraneous offense

11

evidence, because the jury acquitted appellant of the greater charge of murder."); *Bean v. State*, No. 13-01-030-CR, 2001 WL 34394342, at *2 (Tex. App.—Corpus Christi–Edinburg Oct. 4, 2001, no pet.) (not designated for publication) ("Logic dictates that when the complained[-]of evidence is offered to establish proof of the greater offense, but the jury acquits the defendant of that offense and convicts of the lesser offense, the complained[-]of evidence did not have a substantial and injurious effect or influence on the jury's verdict.").

Having concluded (1) that there was no rule prohibiting the State from listing two different prior convictions as offense elements in Counts One and Two, (2) that the trial court did not abuse its discretion by allowing the State to introduce evidence of both prior convictions, and (3) that any error in the admission of the prior conviction alleged in Count One was harmless, we overrule Collins's second issue.

## III. CONCLUSION

Having overruled both of Collins's issues, we affirm the trial court's judgments.

/s/ Dabney Bassel

Dabney Bassel
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: July 13, 2023